# Tally ·v. Grider.

*Application for Mandamus to Probate Judge, on refusal to issue License for Retailing Spirituous Liquors.*

1. *Election under local law, as to licensing sale of spirituous liquors; nature of proceeding, and jurisdiction of probate judge.*—Under the law approved March 19th, 1875, authorizing local elections to be held, in the counties therein named, to determine whether the sale of spirituous liquors shall be licensed in the district or precinct in which the election is held (Sess. Acts 1874-5, p. 276), a new jurisdiction is created, and conferred on the probate judge; and the proceedings being strictly statutory, the record (or *quasi* record) must affirmatively show every fact necessary to sustain them, and no presumptions can be indulged in their favor.

2. *Same; sufficiency of petition.*—The petition, by which the proceeding is instituted, must contain all the averments necessary to give jurisdiction to the judge, as specified in the first section of the law: a failure to aver that, "in the opinion of the petitioner, the public good will be promoted by a prohibition of the sale or giving away of vinous or spirituous liquors within such limits," is a fatal defect, and renders the entire proceedings void.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. H. C. SPEAKE.

This case originated in a petition, duly verified by affidavit, filed by W. M. Grider, and addressed to the presiding judge of the circuit, asking a *mandamus* to Hon. JOHN B. TALLY, the probate judge of said county, commanding and requiring him to issue a license to the petitioner for retailing spirituous liquors, at Bellefonte in said county, for and during the year 1881. The petitioner alleged that he had complied with all the provisions of the law regulating applications for such licenses (Code, §§ 1544-45), and that the probate judge based his refusal to grant a license on a pretended election held in said Bellefonte district, under the authority of the special act approved March 19th, 1875, by which the sale of liquors in said district was prohibited. The said statute is entitled, "An act to authorize probate judges, in the counties of Jackson, Clarke," &c., "to order elections in certain cases, to prevent the sale, or giving, or other disposition of vinous or spirituous liquors, within certain limits in such counties;" the first section being in the following words : "Be it enacted," &c., "that hereafter, when any person desires to prevent the sale, or giving away, or otherwise disposing of vinous or spirituous liquors, within certain limits of any city, town, village, church, school-house, or any public works, or within certain limits of any other place, he may

petition, in writing, the probate judge of the county in which
such city," ·&c., " is situated ;· setting forth accurately a
description of the place where he desires the prohibition of
the sale or giving away of vinous or spirituous liquors, the
distance from such city," &c., " or other place in which the
sale or giving away is to be prohibited, and the number and
names of all male citizens, over twenty-one years of age,
residing within such limits ; and that, in the opinion of the
petitioner, the public good will be promoted by a prohibition
of the sale or giving away of vinous or spirituous liquors
within such limits ; which petition shall be verified by the
oath of the applicant. *Provided*, the petitioner shall be a
freeholder, residing within the proposed limits."—Sess. Acts
1874–5, p. 276.

A certified copy " of all the proceedings and orders which
are of record, appertaining to said election," was attached to
the petition as an exhibit ; and the petition alleged, " that
said pretended election is a nullity : that said record fails to
show affirmatively that Hamlin Caldwell, who filed the peti-
tion praying said election, was a freeholder, or that William
McReynolds, J. Kennamore, and George F. Scruggs, the
managers of said election, were freeholders ; that said order
of said probate judge, prohibiting the sale or giving away of
spirituous or vinous liquors within said limits, is likewise a
nullity ; and that said law is unconstitutional and void."
An answer to the petition was filed by the probate judge,
referring to and adopting " the transcript of the two minute
entries of said court, made and entered in the matter of said
election, as appended to the petition in this cause ; and for
further answer," it continued, " he hereto attaches the
affidavit of Hon. Nelson Kyle, the former judge of said court,
showing the existence, loss, and contents of the petition
filed by Hamlin Caldwell, praying for an election in said
precinct."

The affidavit of said Kyle stated, " that on the 9th Sep-
tember, 1875, Hamlin Caldwell filed his petition in writing,
and under oath, setting forth therein that he was a resident
freeholder and householder in Bellefonte District No. 10 ;
accompanying said petition with a list of names of all the
male citizens residing in said district, over the age of twenty-
one ; and praying that an election be ordered in said district
to ascertain, by a vote of the citizens residing in said district,
whether or not the sale, giving away, or otherwise disposing
of vinous or spirituous liquors, should be prohibited within
the boundaries of said district, under the act of the legisla-
ture approved March 19, 1875. Said petition was required
to be filed in the office of the probate judge ; which was

done; and diligent search has been made for the same; but, in consequence of the burning of the court-house, or some other cause, said petition has been lost, or mislaid, and can not now be found. Said petition contained all the allegations necessary and required under said statute authorizing the probate judge to assume jurisdiction of said petition and order said election. And affiant further swears, that William McReynolds, J. Kennamore, and G. F. Scruggs, managers appointed to hold and conduct said election, were all freeholders and householders residing in said district; that said election was held as the law prescribes, and the result made known and entered on the minutes of said court, and the notices given as required by said act above referred to."

The order for the election, as copied in the transcript, was as follows: "Probate Court, Jackson County, September 9, 1875. This day came Hamlin Caldwell, a citizen of this county, residing within the limits of Bellefonte District No. 10, and filed his petition in writing, and under oath, praying for an order authorizing an election to be held in said district, to prohibit the sale, giving away, or otherwise disposing of vinous or spirituous liquors within the limits of said district; and filing also, at the same time, a list of the numbers and names of all male citizens in said district, over the age of twenty-one years, as shown by the list of registration, as the law directs. It is therefore ordered by the court, that said application be granted; that an election be held," &c. Another order, entered on the 25th September, 1875, after reciting that an election was held pursuant to said order above stated, and that the returns of the election showed that eighty-seven votes were cast in favor of prohibition, and five votes against it, thus proceeded: "It is therefore ordered, adjudged, and decreed by the court, under and by virtue of the authority vested in said court by the act of the legislature approved March 19th, 1875, that the selling, giving away, or otherwise disposing of vinous or spirituous liquors, within the limits and boundary of Bellefonte District No. 10, be, and the same is hereby, prohibited," &c.

On the hearing, on the petition, answer, and exhibits, the circuit judge held that the election, and proceedings therewith connected, were null and void, because "the record fails to show that the petition was filed by a freeholder or householder of said beat No. 10, or that the said election was held by managers who were householders or freeholders in said beat;" and that the petitioner in this case was entitled to a license, as prayed. An appeal from his judgment is sued out by the probate judge, and it is here assigned as error.

[Lilly v. Larkin.]

ROBINSON & BROWN, for appellants.

WATTS & SONS, *contra.*

STONE, J.—This is a proceeding which originated in the "Local Option Law" applicable to several counties, of which Jackson is one. The act was approved March 19th, 1875. Pamph. Acts, 276. To give the probate judge authority to order an election, in such case, a petition must be filed; and the first section of that act declares who may present such petition, and what it shall contain. This entire proceeding is statutory, creating an entirely new jurisdiction unknown to the common law, and conferring authority on a magistrate of limited, statutory powers, not theretofore exercised by him. Under uniform rulings of this court, on kindred questions, the record must affirmatively show that a petition was filed, containing all necessary averments to give jurisdiction to the judge of probate, and nothing can be supplied by intendment. No presumption can be indulged in favor of such proceedings, which the record, or *quasi* record, does not affirmatively prove.—1 Brick. Dig. p. 939, §§ 351, 352; 2 *Ib.* 464, § 1; *Ib.* 400; § 14.

The petition, on which the election was ordered; is shown to be lost, or mislaid. Its contents are proved by the testimony of the ex-judge of probate, who ordered the election; and, to some extent, negatively, by the order made when the petition was filed. It was and is fatally defective, in not averring "that, in the opinion of the petitioner, the public good will be promoted by a prohibition of the sale or giving away of vinous or spirituous liquors, within such limits." The probate judge never acquired jurisdiction to order the election, and the whole proceedings were void.

The judgment of the Circuit Court is affirmed.