17 So.2d 771

## TOWN OF FLAT CREEK v. ALABAMA BY–PRODUCTS CORPORATION et al.

### 6 Div. 158.

Supreme Court of Alabama.

Jan. 13, 1944.

Rehearing Denied May 18, 1944.

530

H. M. Abercrombie and Edgar Allen, both of Birmingham, for appellant.

Chas. W. Greer, of Birmingham, for appellees.

531

**THOMAS, Justice.**

On this appeal the submission was on the merits and in the alternative for writ of mandamus to review the granting of certiorari by the judge of the circuit court, who reversed the order of the probate judge.

The pertinent parts of Judge Smith's order are to the effect that the decree made by Judge H. R. Howze as the Probate Judge of Jefferson County, as amended nunc pro tunc, purporting to reinstate the dormant municipality of Flat Creek, and the decree and order in reference thereto by Charles M. Hewitt as special probate judge, "are each separately and severally held void, etc., that each of said decrees separately and severally be and the same are hereby quashed and annulled." Such orders and decrees not within the statute, Code 1940, Tit. 7, §§ 775 and 776, are reviewed by certiorari, mandamus or writ of prohibition, as the case may be. State ex rel. Garrow et al. v. Grayson, 220 Ala. 12, 16, 123 So. 573.

The contention of appellant, petitioner for mandamus, concisely states his insistence as to the jurisdiction of the probate court, as follows: "That the petition for writ of certiorari in the Circuit Court shows that the decree of Judge Howze reinstating the Town of Flat Creek was not void on its face, and that therefore the petition ought to have been stricken on motion to quash, or held insufficient on demurrer. That the decree of the Hon. Charles M. Hewitt, as Special Judge, overruling the motion to set aside the decree of Judge Howze, was a final decree, and his ruling could be attacked only by appeal, and not by a petition for writ of certiorari."

The action in the probate court was under Code 1940, Tit. 37, § 16, the pertinent part of which states that, "Towns or cities that have permitted their organization to become dormant and inefficient may, *by a petition of a majority of the taxpayers of such town or city to the probate judge,* have their corporate organization reinstated by an order of the probate judge, entered of record, * * *." (Italics supplied.)

The petition in question seeks to invoke or quicken into action the power of the probate judge to assume jurisdiction to the end provided by statute. Did the petition, construed as a whole, contain the jurisdictional facts? The judge of the circuit court who heard the petition for certiorari held that the petition to the probate judge did not contain the required averment of facts to give jurisdiction to the judge to reinstate the dormant municipality. The petition and exhibits thereto to the probate judge will be construed as a whole that the court may render judgment of the fact of jurisdiction invoked and assumed. State ex rel. Kinney v. Town of Steppville et al., 232 Ala. 407, 168 So. 433.

There are many decisions of this court which shed light upon the question of jurisdiction that need not be recited in detail. For example, in Savage v. Wolfe, 69 Ala. 569, Mr. Justice Stone, in speaking of the allegations necessary to confer jurisdiction upon a probate judge to proceed with a special statutory election, stated:

"The authority, however, for holding elections, such as we are considering, is purely statutory, and outside of the general jurisdiction of any court. To start such proceedings in motion, there must be presented to the judge of probate of the proper county the sworn petition of some resident freeholder of the limits, within which prohibition is sought to be established. The petition must contain every material averment specified in the first section of the act, including the averment that the petitioner is a freeholder residing within the proposed limits, and that in the opinion of the petitioner the public good will be promoted by a prohibition of the sale or giving away of vinous or spirituous liquors within such limits. Until such petition is filed, containing proper averments, the judge of probate is without jurisdiction to order an election."

It should be noted that under the rule stated, the petition, in order to invoke the jurisdiction of the probate court, must aver not only the facts which the statute specially says must be averred, but must also allege the other jurisdictional facts, which must exist, in order for the court to proceed.

Judge Stone also had occasion to pass upon the sufficiency of a petition to invoke the jurisdiction of the court to order an election on the prohibition question in the case of Tally v. Grider, 66 Ala. 119. That case involved the construction of a local option law approved March 19, 1875. The first section of that statute specified who might present such petition and set out certain averments which the petition must contain. In passing upon the sufficiency of a petition under that statute, this court stated:

"This entire proceeding is statutory, creating an entirely new jurisdiction unknown to the common law, and conferring authority on a magistrate of limited, statutory powers, not theretofore exercised by him. Under uniform rulings of this court, on kindred questions, the record must affirmatively show that a petition was filed, containing all necessary averments to give jurisdiction to the judge of probate, and nothing can be supplied by intendment. No presumption can be indulged in favor of such proceedings, which the record, or quasi record, does not affirmatively prove. * * *"

The legal principle, the basis of the foregoing decisions from this court, are in line with the authorities cited in 49 Corpus Juris, p. 143, § 150, that, "It has also been said that, where the jurisdiction of the court is statutory, it is indispensable that the jurisdictional fact or facts specified in the statute be pleaded."

The case of Miller v. Jones, 80 Ala. 89, 95 and 96, involved the sufficiency of a petition to invoke the jurisdiction of the probate court to call an election to determine the right to sell intoxicating liquors. The statute provided that, "when fifty or more resident house holders and free holders of Talladega County filed in the office of the judge of probate of said county a petition in writing, praying for an election to ascertain the wishes of said county, as to the prohibiting of the sale of intoxicating liquors, in said county, it shall be the duty of said judge to order an election and to fix the time for holding the same." Acts 1884–85, p. 234. Two petitions were filed. *One* substantially complied with the statute in all requirements *except that it was not signed by fifty persons;* the *other petition* was signed by more than fifty persons, but *failed to aver that the petitioners were freeholders.* One C. G. Jones filed a petition in the probate court after an election had been ordered and had been held, attacking the validity of the election, one ground of the attack being that, "the probate court had not acquired jurisdiction to order the election." This petition was denied and Jones applied for and obtained a writ of certiorari out of the circuit court, which court held the election to be void. From this judgment in the circuit court the probate judge appealed to this court.

One point stressed by the appellant in the Jones case (and a point here stressed by appellant) was that the act "does not require an averment that the petitioners are householders and freeholders." The act here involved does not state that the petition must aver that it is signed by a majority of the taxpayers of the town. But the Supreme Court in the Jones case, after stating that under the statute a petition signed by fifty or more persons, stating that they are resident householders and freeholders of the county, and praying for an election, filed in the office of the judge of probate, "is indispensable to put the proceeding in motion," held that the order of the probate judge on a petition lacking in such jurisdictional averments, "was coram non judice, and the entire proceeding a nullity." The court observed, that "a consolidation of all will not operate to supply fatal omissions in any one."

The case of Bottoms v. Brewer, 54 Ala. 288, involved the jurisdiction conferred on the probate judge by a statute authorizing the erection of mills and the construction of dams upon a petition filed for that purpose. The application in question, as well as the record, was silent as to the character of the mill sought to be established, whereas the statute contemplated public mills. The omission to allege this requisite jurisdictional fact required by the statute was held to be a fatal defect, Mr. Chief Justice Brickell for the court saying:

"The application and the record is also silent as to the character of the mill. It is not shown that it is in the words of the

statute, 'a water grist mill that grinds for toll,' and consequently a public mill, at which the public have rights. It may have been erected and used, and the proposed raising of the dam intended only for the private individual use, convenience and benefit of the appellees. The probate judge was without jurisdiction under the statute, to make any order, or take the statutory course of proceeding in this cause. * * *"

In Cohen v. Wollner, Hirschberg & Co., 72 Ala. 233, Judge Stone, in speaking of the sufficiency of a petition filed under a statute conferring special and limited authority upon chancellors to remove disabilities of coverture, stated the law to be as follows:

"The petition found in these records, under which it is claimed Mrs. Cohen was relieved of the disabilities of coverture, is fatally defective in substance, and did not put this statutory power of the chancellor into exercise. It entirely omits to aver that she had any estate of any kind, statutory or otherwise; and thus fails to show she was entitled to the relief the statute offers. A failure to make a jurisdictional averment, in statutory proceedings like this, is equivalent to an admission that there is no fact on which to base such averment. The chancellor never having acquired jurisdiction, the whole proceeding was and is void. * * *"

Under an act approved December 9, 1887, the Commissioners' Courts of Henry, Pickens and Hale Counties were authorized to establish and abolish districts in which live stock might be prevented from running at large. The act provided, "that whenever any ten freeholders petition said court in writing, stating that they desire an order made establishing a district, wherein live stock shall not run at large, fully describing such district and stating the petitioners reside in such district," a stock district might be created. A petition was filed in Henry County for the creation of such a stock district. The petition failed to aver that petitioners were freeholders and resided in the district sought to be established. The petition was for that reason held fatally defective. See Flowers v. Grant, 129 Ala. 275, 30 So. 94, where the earlier decisions are cited. See, also, notes in 54 A.L.R. 7 et seq., as to averment of public benefit when required by statute.

The case of State ex rel. Potts v. Court of County Com'rs of Lauderdale County, 210 Ala. 508, 98 So. 562, 563, is decisive of the question before us. In that case the petitioner and others constituting more than one-fourth of the bona fide freeholders residing in a certain precinct filed a written petition with the Court of County Commissioners of Lauderdale County seeking an election to ascertain whether or not a majority of the electors of the precinct desired a stock law. This proceeding was had under Section 5882 of the Code of 1907, as amended by General Acts of 1909, Spec.Sess., p. 124. This act provided for an election upon the presentation of a petition signed by a majority of the bona fide freeholders of the precinct involved. The *petition* in question *did not allege* that it *was signed by* a *majority of such freeholders*. In passing upon the sufficiency of this petition to invoke the jurisdiction of the court, it was observed by this court:

"If the county stock law established under section 5881 by an election in the county may be repealed as to precinct No. 17 in the county, under authority of section 5896, by an election in the precinct, which we do not decide, still this petition for that purpose, filed with the court of county commissioners, is insufficient and fatally defective. This petition, under the averments in the petition for a writ of mandamus, fails to aver it was signed *by a majority* of the bona fide freeholders in the precinct, and who reside outside of an incorporated city or town therein, and whose land lies outside of an incorporated city or town therein. This the statute requires. It purports to be signed by 'more than one-fourth,' not 'a majority.'"

The rules of these typical cases as to invoking jurisdiction of courts exercising special and limited powers in the premises and the requirements of the averments of necessary facts are recognized by early and late decisions of this court. One of the later illustrations is the decision by Mr. Justice Knight in Yates v. Walker County Commission, 230 Ala. 361, 161 So. 235.

Under the authorities cited from this court, the petitions filed with the Probate Judge of Jefferson County were insufficient to invoke the jurisdiction of that official to reinstate the municipality in question. The statute conferred a new power

534

upon the probate judge unknown to the common law, and limited the right of the probate judge to proceed to reinstate a dormant charter of a town or city *until a majority of the taxpayers of the town* had duly petitioned for and asked that corporate existence be restored. The petition before us does not aver that the petitioners constituted a majority of the taxpayers of the Town of Flat Creek, but that it was a "majority of the *resident taxpayers*" of said town. For aught shown by the petition, petitioners were but a small number of such taxpayers.

The petition and exhibits thereto are to be considered as one pleading. Grimsley v. First Ave. Coal & Lbr. Co., 217 Ala. 159, 115 So. 90; State ex rel. Kinney v. Town of Steppville, 232 Ala. 407, 168 So. 433. The petition shows on its face that it was signed by taxpayers of the town as evidenced by the exhibit of the Tax Assessor of Jefferson County, to the effect that, "the list attached hereto comprises approximately 85 per cent of the taxpayers, *who live within the limits of the sketch also attached.*" (Italics supplied). This petition and exhibits limited the class having the right given under the statute to such petitioners to act or decline to act in the premises.

The statute which we have quoted does not confer upon the probate judge authority to reinstate the corporate existence of a town upon the presentation of a petition signed by a majority of the *resident taxpayers* of the town. Taxpayers of a town are persons who own property therein and pay taxes thereon, whether they reside within the corporate limits of the town or not. Brazeel v. Commissioner's Court, 155 Ala. 196, 46 So. 584.

For the foregoing reason, the petition here involved with its exhibits, was fatally defective and insufficient to invoke the jurisdiction of and confer the same on the probate judge. Consequently Judge Howze's decree, and the order of the special judge, were void. The decree of the circuit court quashing the same was proper and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.