63 So.2d 705

**TOWN OF SANFORD v. HARTLEY.**

**4 Div. 723.**

Supreme Court of Alabama.

Dec. 18, 1952.

Rehearing Denied March 26, 1953.

E. C. Boswell, Geneva, and Allen Cook, Andalusia, for appellant.

F. M. Smith, Andalusia, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court holding a prior decree of the Probate Court of Covington County invalid. In order to determine the correctness of the ruling of the lower court we must consider the proceedings in the probate court to which we have referred and the way in which the question is here presented.

In October, 1951, a number of citizens residing in an area which had formerly constituted the town of Sanford, a municipal corporation in Covington County, Alabama, instituted proceedings under § 16, Title 37, Code of 1940 to have the corporate charter of the municipality reinstated. Many years before the town of Sanford had become dormant and ceased to function as a municipality.

The petition filed in the Probate Court contained no allegation to the effect that the signers thereof constituted a majority

of the taxpayers of the town. However there was proof offered in the Probate Court and the decree of the Probate Court contained a recital to the effect that the signers of the petition did constitute a majority of the taxpayers.

The Probate Judge thereupon appointed a Mayor and Council for the town claimed to be revived. This Mayor and Council thereafter enacted a beer tax ordinance, taxing wholesalers on the "per bottle sale" basis and providing that if retailers did not file a certain report provided by the ordinance, the retailer would then become liable for the tax. The appellee is a retailer who allegedly failed to file the report and likewise failed to pay the tax, thus bringing himself within the scope of the ordinance.

Thereupon, acting under the provisions of § 760, Title 37, Code of 1940, the so-called town of Sanford filed an injunction in the present case to enjoin Earl Hartley (appellee) from operating in violation of the ordinance and to seek an accounting and judgment for the tax. The only defensive pleading filed to the bill was a plea in abatement. The allegations in the plea in effect show that for more than ten years prior to filing the bill the complainant had become a dormant and inefficient municipal corporation and had not at the time the bill was filed had its corporate organization reinstated under the laws of Alabama. The court sustained the plea and finding that its allegations were supported by the evidence, dismissed the bill.

■ It is undoubtedly true that the sole power and authority which the probate court has to reinstate a dormant and inefficient municipality arises under and by virtue of § 16, Title 37, Code of 1940. This being true, the probate court in a proceeding under this statute is acting as a court of limited and statutory jurisdiction. Accordingly, since the court is of limited jurisdiction, its jurisdiction being statutory, the requirements of the statute must be strictly complied with which must affirmatively appear from the record. Patterson v. Downs, 255 Ala. 197, 50 So.2d 408. This court has often held that where there is a petition or pleading in a court of limited jurisdiction seeking a statutory right, such petition or pleading must aver every jurisdictional fact which must exist in order for the court to proceed and failing to do so, the entire proceeding is coram non judice and void. Town of Flat Creek v. Alabama By-Products Corp., 245 Ala. 528, 17 So.2d 771; Cohen v. Wollner, Hirschberg & Co., 72 Ala. 233; Flowers v. Grant, 129 Ala. 275, 30 So. 94; Savage v. Wolfe, 69 Ala. 569; Tally v. Grider, 66 Ala. 119; Miller v. Jones, 80 Ala. 89; State ex rel. Potts v. Court of County Commissioners of Lauderdale County, 210 Ala. 508, 98 So. 562.

■ In the case of Town of Flat Creek v. Alabama By-Products Corp., supra, where the court was considering the statute which is now under consideration, the court held that a failure to allege in the petition that a majority of the taxpayers of the town had signed the petition, rendered the petition fatally defective, because such allegation was jurisdictional. The attack in the case referred to however was direct while the attack here is collateral. Williams v. Overcast, 229 Ala. 119, 155 So. 543. Of course where a judgment or decree is void for want of jurisdiction, it may be collaterally attacked. Dawkins v. Hutto, 222 Ala. 132, 131 So. 228; Flowers v. Grant, 129 Ala. 275, 30 So. 94. It accordingly becomes necessary to see what the situation is here where the attack is collateral.

■ There is a general reference in the petition to the statute under which the proceedings were sought to be instituted in the probate court. The reference is general and does not state that the petition was signed by a majority of the taxpayers of the town. It is sufficient, however, here to say that the petition filed in the probate court refers to § 16, Title 27, Code of 1940, which is the wrong statute. We note that in the order made by the probate court there is a recital that a majority of the taxpayers of the town of Sanford signed the petition, but under the decisions of this court this is not sufficient to supply the omission of the jurisdictional allegation on which the order is made. This court has specifically held that unless the necessary

allegation is made in the petition to quicken into action the jurisdiction of the court, subsequent findings and recitals in the decree cannot supply the absence of averments esssential to the right to proceed. Alford v. Claborne, 229 Ala. 401, 157 So. 226; Boyd v. Garrison, 246 Ala. 122, 19 So.2d 385; Bank of Columbia v. McElroy, 231 Ala. 454, 165 So. 105.

And so we conclude that the probate court never acquired jurisdiction of the proceedings set forth in the bill of complaint in this case and, therefore, the proceedings in that court were null and void. It results that the lower court was correct in sustaining the plea in abatement and dismissing the bill.

Affirmed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.