213 So.2d 398

Don E. WATTS

v.

TOWN OF GREEN VALLEY et al.

6 Div. 577.

Supreme Court of Alabama.

July 25, 1968.

Rehearing Denied Aug. 22, 1968.

Beavers, Shannon & Harrison, Birmingham, for appellant.

Irvine C. Porter, Birmingham, for appellees.

KOHN, Justice.

This is an appeal from three decrees of the probate court of Jefferson County, Alabama, all entered on April 15, 1968, in the court below. The first decree denied the relief prayed for in a petition or motion filed by appellant on September 7, 1967, to vacate and set aside a decree of the probate court of Jefferson County, dated June 29, 1967, directing the holding of an incorporation election on July 25, 1967, to determine whether the town of Green Valley should be incorporated, and to vacate and set aside said election. The second decree was a decree of incorporation issued by the probate court, after finding that all the statutory requirements for holding the election were in order, and finding that a majority of all of the votes cast on July 25, 1967, had been cast for incorporation, and after a further finding that a census showing 1591 inhabitants had been duly filed. The third decree ordered an election, as required by statute, to be held on June 25, 1968, to elect a mayor and five councilmen for the town of Green Valley. Appellant filed notice of appeal and security for costs on April 22, 1968, which was duly approved by the probate court, and citations duly served on opposing counsel. Hence this appeal.

On June 29, 1967, a petition was filed to incorporate a municipality known as Green Valley, Alabama. This petition was filed in the probate court of Jefferson County, pursuant to Title 37, § 10, Code of Alabama, 1940, as amended, and before such section was amended by Act No. 780, Acts of Alabama, 1967, Vol. II, p. 1640, approved September 9, 1967. The petition contained an affidavit which stated:

"* * * the persons whose signatures appear on the foregoing petition reside at the addresses shown opposite their names thereon, that more than twenty-five of said persons are qualified electors residing within the limits of the proposed municipality, *that at least four qualified electors so signing said petition reside in each quarter of each quarter section, or part thereof*, within the boundary of the proposed municipality, and that said petition is signed by the persons or on behalf of the firms or corporations owning at least sixty percent of the acreage of such lands." [Emphasis supplied.]

On the same date, the probate judge of Jefferson County ordered an election to be held on July 25, 1967, to determine the desires of the residents of the proposed municipality with regard to the matter of incorporation. A majority of the residents voted for incorporation in this election.

On September 7, 1967, the appellant filed a sworn petition moving the probate court to vacate and set aside the order of election previously entered and the election held thereunder. On September 15, 1967, and on October 5, 1967, the appellant filed sworn amendments to his petition or motion.

On March 12, 1968, Neal Newell, one of the persons who signed the petition for incorporation, filed a motion in the probate court of Jefferson County requesting it to enter an order of incorporation. This motion was continued until April 5, 1968, when testimony was taken on the motion. The evidence presented primarily was the testimony of Watts, and the stipulated written testimony of the witness Gwin.

The unrefuted testimony disclosed conclusively that one of the four people living in the northeast quarter of the northeast quarter of section 11, township 19, range 3

west, one of the quarter sections involved in the incorporation of Green Valley who signed the petition, was not a qualified elector of Jefferson County, Alabama, as required by Title 37, § 10 of the Code of Alabama, 1940, as amended; Recompiled Code 1958, as amended, which reads as follows:

"10. Communities of seventy-five may incorporate; exception in county of six hundred thousand.—When the inhabitants of an unincorporated community, which has a population of not less than seventy-five, constituting a body of citizens whose residences are contiguous to and all of which form a homogeneous settlement or community, desire to become organized as a municipal corporation, they may apply to the probate judge of the county in which such territory is situated, or the greater portion thereof, if it is situated in two or more counties, for an order of incorporation, by a petition in writing signed by not less than twenty-five qualified electors residing within the limits of the proposed municipality. Such petition shall state the proposed name of such municipality, and shall have attached thereto and as a part thereof an accurate plat of the territory proposed to be embraced within the corporate limits, including all subdivisions into lots, blocks, streets and alleys, within such territory, if any, and an accurate description by metes and bounds of the boundary of such territory. No platted or unplatted territory shall be included within such boundary unless there are at least four qualified electors residing on each quarter of each quarter section, according to government survey or part thereof, of such platted or unplatted land, who assent thereto in writing by signing said petition, together with the consent of the persons, firms or corportions owning at least sixty percent of the acreage of such platted or unplatted lands, such consent to be signified by their signing said petition. Proof of residence and qualifications as electors of petitioners and of persons affected shall be made to the judge of probate, by af-

fidavit or otherwise, as he may direct. When determining the ownership of such lands the person, firm or corporation assessing the same for taxation shall be accepted by the probate judge as prima facie the owner thereof.

"However, an unincorporated community lying within or partly within the boundaries of a county having a population of 600,000 or more, according to the most recent federal decennial census, shall not be incorporated under this section if (1) the territory proposed to be incorporated has a total population of less than 1,000 or (2) if the territory or any part of its perimeter lies within three miles of the coporate limits of any existing city or town."

The last paragraph of the above-quoted statute, became a part of Title 37, § 10, supra, by amendment on September 9, 1967, subsequent to the date the petition was filed in the probate court, which said petition was filed on June 29, 1967, seeking the incorporation of the town of Green Valley.

The appellant contends there are two grounds for reversal on this appeal. The first contention of appellant is that the probate court lacked jurisdiction in rendering the decrees relating to the incorporation of the town of Green Valley, in that one of the persons who signed the petition was not a qualified elector, as required by statute. The second contention is that the incorporation of the town was prohibited by statute, namely, Title 37, § 10, Code of Alabama 1940, as amended, supra.

The issue presented by this second contention is based upon the fact that the proposed corporation is within three miles of the City of Hoover, Alabama, and not allowed because the incorporating statute (Title 37, § 10, Code of Alabama 1940, as amended, supra) prohibits such proposed incorporation as it is "within three miles of the corporate limits of any existing city or town." However, we do not think it necessary on this appeal to decide whether

the above statute, as amended, prohibited the incorporation of this proposed municipality, for we hold that the probate court lacked jurisdiction to render the decrees appealed from.

The precise question narrows down to the real issue on the motion or petition before the probate court, involving whether or not one of the four alleged qualified electors signing said petition who, it was alleged, resided in a "quarter or a quarter section, or part thereof," within the boundary of the proposed municipality actually was a qualified elector at such time as he signed the petition.

■ The petition of incorporation filed in the probate court on June 29, 1967, recites everything necessary to invoke prima facie jurisdiction of the court. The probate court, as far as the proceeding before it in this case is concerned, being a court of limited and special jurisdiction, it must appear from the face of the petition before such court that its action is within the scope of such special or limited jurisdiction, and nothing is presumed. Walton v. Walton, 256 Ala. 236, 54 So.2d 498. Likewise, by analogy, is the conclusion of the court in Alabama Public Service Commission v. McGill, 260 Ala. 361, 71 So.2d 12.

■ Here, there was a *direct* attack on the validity of the decrees, which direct attack questioned the jurisdiction of the court to render such decrees, and moved the court that they be vacated. Such direct attack was filed in the court that rendered the decrees. The alleged facts recited in the decree, or decrees, as to the jurisdiction of the court, was contradicted by primary records in the proceeding, and disclosed the lack of jurisdiction on the part of the court, in that one necessary party to the petition was not a qualified elector as required by the statute, Title 37, § 10, Code of Alabama 1940, as amended, supra; Ex parte Griffith, 209 Ala. 158, 95 So. 551. And, without the contested party being a qualified elector, the court was without jurisdiction.

■ The allegations and recitals of jurisdiction in the decree of a court of special or inferior jurisdiction, only show a prima facie jurisdiction when offered in evidence in a *collateral* proceeding, where, in this case, the attack on the decree was a *direct* attack, and the record in the court itself, that is, the motion to vacate before the court, disclosed evidence that the findings of the court were erroneous, due to the fact one necessary name on the petition was a person who was *not* a qualified elector.

■■ A distinction that the courts dwell upon in matters, such as the issue now before us, that in actions

"* * * where the fact recited by the decree is necessary to the court's jurisdiction of the thing or of the person— usually a matter of record, dehors the decree itself—without which the court cannot proceed to a hearing, the recital in the decree is only prima facie evidence of fact thus recited, and its verity may be impeached by evidence dehors the record; but, where jurisdiction has fully attached by the mere filing of a proper petition, as in proceedings in rem, or where the nature of the proceeding requires the court to ascertain a preliminary fact essential to its valid action, the recital of a finding of the necessary fact, if uncontradicted by a *primary record in the proceeding, is conclusive on collateral attack.*" Ex parte Griffith, supra. [Emphasis supplied.]

■ Furthermore, it is a rule which is one of evidence only, that the final recitals of a court of record are taken as true, unless impeached by a showing that they are false. Here, the findings and recitals were impeached by unrefuted evidence on a direct attack that the proceedings and recitals were erroneous or false. Ex parte Griffith, supra.

■ The case of Ex parte Griffith, supra, was cited as an authority by Mr. Justice Stakely in the case of Claunch v. Entrekin, 272 Ala. 35, 128 So.2d 100, where, among other things, the opinion states, "the face of

the record includes the *entire record* * * not merely that which is recited in the decree or judgment." [Emphasis supplied.] We think this authority is conclusive as to the error of the court below. Furthermore, the court held in Claunch v. Entrekin, supra, that the decree should be considered in the light of the petition and the other proceedings provided for by the statute. Here, the motion to vacate the decree, was in the same court rendering the decrees. This same decision reiterates the rule that where the court acts as one of limited jurisdiction, as in the instant case, no presumption of jurisdiction will be indulged. The existence of facts necessary to confer jurisdiction *must affirmatively appear on the face of the record,* and later on, as above quoted, the opinion states "the face of the record includes the entire record." Claunch v. Entrekin, supra.

These principles pronounced by this court as late as 1961 (Claunch v. Entrekin, supra), are dispositive of this appeal.

■ The question of jurisdiction is always fundamental and is a question of primary importance in every case, and if there is an absence of jurisdiction over subject matter, it is fatal. Rinehart v. Reliance Life Ins. Co. of Ga., 272 Ala. 93, 128 So.2d 503; Norton v. Liddell, 280 Ala. 353, 194 So.2d 514; Town of Sanford v. Hartley, 258 Ala. 576, 63 So.2d 705.

Since the courts have made a distinction between collateral and direct attacks, as to the question of jurisdiction, we think we should review the authorities on this subject. Town of Sanford v. Hartley, 258 Ala. 576, 63 So.2d 705, supra; Williams v. Overcast, 229 Ala. 119, 155 So. 543; Johnson v. Johnson, 182 Ala. 376, 62 So. 706; Town of Flat Creek v. Alabama By-Products Corporation, 245 Ala. 528, 17 So.2d 771; Miller v. Thompson, 209 Ala. 469, 96 So. 481; Singo v. McGehee, 160 Ala. 245, 49 So. 290.

We have also examined definitions of collateral attacks and direct attacks by courts in other jurisdictions, and find what we conclude a similar principle emanates, as in the above quoted cases. See: 30A Am.Jur., Judgments, § 853, p. 770, where it is stated:

"The challenge of the integrity of a judgment in the action wherein the judgment is rendered is regarded as a direct attack upon the judgment. This rule applies to a motion to vacate the judgment, as well as to amend, correct, modify, or reform the same, or to any statutory method brought for the purpose of avoiding or correcting the judgment. * * *"

We conclude that here the attacks on the decree (decrees) was direct. In *Town of Flat Creek,* supra, the attack was direct, as in the instant case, being in the same court proceedings where the decree being attacked was entered, and not an outside, separate or collateral or independent proceedings.

In the case of Williams v. Overcast, supra, in paragraph 1, on page 121, 155 So. on page 545 among other things, the court approved the following principle:

" * * * ' "A direct attack upon a judgment is an attempt to amend, correct, reform, *vacate,* or enjoin the execution of the same, in a proceeding instituted for that purpose, * * * while a collateral attack is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid." Schneider v. Sellers, 25 Tex.Civ.App. 226, 61 S.W. 541.' Singo v. McGehee, 160 Ala. 245, 251, 49 So. 290, 292; Crowder v. Doe ex dem. Arnett, 193 Ala. 470, 68 So. 1005; Lyons v. Hamner, 84 Ala. 197, 4 So. 26, 5 Am.St.Rep. 363." [Emphasis supplied.]

■ It should be recalled that the attack here on the motion to vacate was through a petition or a motion to vacate the decrees of the probate court, in the same court where the decrees were issued. This distinguishes the case before us from the two cases cited by the appellees in their brief.

State ex rel. Suther v. City of Midfield, 273 Ala. 437, 142 So.2d 694; State ex rel. Allen v. Town of Phil Campbell, 177 Ala. 204, 58 So. 905. In those two cases the attacks on the validity of the incorporation of the towns were made by the state in quo warranto proceedings in the circuit courts after the orders of incorporation had been entered in the probate courts. Thus the attacks in those two cases were collateral and not direct, as the attack against the jurisdiction of the probate court in the instant case.

In Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725, the court, on page 73, 128 So.2d on page 730, quoting from Freeman on Judgments, § 375a, approved the following:

" '* * * And if the parties admit or stipulate, or fail to object to the evidence of, the facts showing a lack of judisdiction, it is then established that the judgment is void as effectively as though shown by the record, and whenever such fact is brought to the attention of the court, it is the duty of the court to so declare as a matter of law.' "

The case of Pickens v. Clark, 203 Ala. 544, 84 So. 738, also is authority for the principle that it was the duty of the probate court to vacate on motion its void decree.

From the testimony of the witness Watts, and from the stipulated testimony of the witness Gwin, which was admitted in evidence, an absence of jurisdiction was shown because one of the necessary condition precedents establishing such jurisdiction was proven to be not existing. Other cases cited in Hartigan v. Hartigan, supra, confirm the above principle.

Here, if the subject matter before the probate court was an ordinary power vesting in the court without being dependent upon a special statute, such as Title 37, § 10, Code of Alabama 1940, as amended, supra, the rule relative to jurisdictional matters before the court may have been different. Ex parte Connor, 240 Ala. 237,

198 So. 850; Carter v. Mitchell, 225 Ala. 287, 142 So. 514.

However, the power vested in the probate court to bring this municipality to life was not an ordinary or general power vested in the court, but was a special limited or statutory power being exercised by a court of limited jurisdiction. Ex parte Connor, supra; Partlow v. Partlow, 246 Ala. 259, 20 So.2d 517.

Here, the judicial act of the probate court in deciding it had jurisdiction was an erroneous conclusion in view of the facts before the court on direct attack of the court's decrees. Viewing the record of the probate court proceedings, it is clear from such record now before this court by transcript and bill of exceptions, that the court was without authority to enter its decrees from which rulings of that court this appeal was taken.

When the evidence clearly established lack of jurisdiction over the subject matter, the proceedings should have ended for they were void. Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725, supra; Pickens v. Clark, 203 Ala. 544, 84 So. 738, supra. We think it is unrefuted from the evidence, as established by the transcript and bill of exceptions, that a necessary criterion or condition precedent was non-existent. Therefore, the probate court lacked jurisdiction.

No issue has been raised as to the propriety of the motions to vacate the probate court's decrees from a procedural standpoint. However, we think such motions were proper procedure, and the court had the power to vacate its decrees on motion. An appeal is the proper remedy where the trial court fails to vacate a void decree. Doby v. Carroll, 274 Ala. 273, 147 So.2d 803; McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885.

It therefore follows that the probate court should have granted the motions seeking to vacate its decrees, such decrees.

being void for lack of jurisdiction on the part of the court.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.