L. CHARLES WRIGHT, Retired Appellate Judge.
Appellant, Rutledge Industrial Corporation (Rutledge), suffered entry of a summary judgment against it on April 27, 1989. Rutledge filed a motion to set aside the judgment on the ground of lack of notice of the setting of the motion for summary judgment. The motion to set aside was denied by operation of Rule 59.1, Alabama Rules of Civil Procedure. Rutledge appeals, charging absence of due process for failure of notice of the hearing on the motion for summary judgment.
The original complaint was filed in the Circuit Court of Calhoun County, Alabama on August 24, 1988. Rutledge was served with the complaint on October 26, 1988. Rutledge appeared by counsel Hardegree and moved to change venue on November 21, 1988. That motion was heard and granted on January 24, 1989. The case was transferred to St. Clair County. On February 27, 1989 Rutledge filed a motion to dismiss for failure to state a claim. That motion was signed by Mr. Cooper as attorney for Rutledge. On March 6, 1989 plaintiff moved for a hearing on a motion for summary judgment previously filed in November 1988 while the case was pending in Calhoun County. The original motion was refiled in St. Clair County with attached affidavit. Copies of the motion for hearing were certified as served upon counsel for Rutledge on March 3, 1989.
On March 13, 1989 Mr. Cooper filed notice of appearance as counsel for Rutledge on behalf of himself and W. Eugene Rutledge. A motion by Mr. Hardegree to withdraw as counsel for Rutledge was filed and granted on March 21, 1989. The case action summary sheet shows that on March 13, 1989 a hearing on the motion for summary judgment was set for April 27, 1989 at 9:00 a.m. The record containg an order dated and filed on April 27, 1989. That order granted summary judgment in favor of plaintiff and against Rutledge. There was stated therein the following:
“The attorney for defendant fails to appear and has filed no response to the Motion. From the case file it appears that the defendant has been given notice of the date and time of the hearing heretofore set this date on Summary Judgment.”
The motion to set aside the judgment avers that counsel for Rutledge, Mr. Coo *1062 per, filed a notice of appearance in the case on March 13, 1989, and that he did not receive notice of the date and time of the hearing of the motion for summary judgment. In accompanying affidavit, Mr. Cooper stated he did not receive notice of the hearing on summary judgment as counsel for Rutledge.
In considering the merits of this appeal, it is unnecessary to determine if Mr. Cooper did or did not receive notice of the hearing on summary judgment. At the time the order was entered setting the hearing, Mr. Hardegree remained counsel of record. Mr. Cooper did not appear as counsel until the 13th of March, 1989. Mr. Hardegree did not withdraw until the 21st of March. There is no averment that Mr. Hardegree did not receive notice of the hearing while he remained as counsel. There is no averment that Rutledge did not receive notice — only that Mr. Cooper did not receive it.
In any event, we have shown that the court found from the case file that Rutledge had “been given notice of the date and time of the hearing.” That finding has not been challenged. We find nothing from our review that requires finding otherwise. Watts v. Town of Green Valley, 282 Ala. 555, 213 So.2d 398 (1968); Rule 44(f), A.R.Civ.P.
The authorities cited by Rutledge in brief are recognized as stating the existing law as to due process. However, they have no application to this appeal. The judgment denying the motion to set aside is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.