STUART, Justice.
On December 13, 2002, residents of the Valley Grande community who were inhabitants, property owners, and qualified electors filed a petition for incorporation of the community of Valley Grande in the Dallas County Probate Court. On December 16, 2002, the probate court held a hearing and after reviewing the petition and the evidence granted the petition to incorporate and ordered an election on the question of whether to incorporate the Town of Valley Grande, Alabama. The election was held on January 9, 2003.
On January 8, 2003, Rita M. Lett and Tamara Duncan Smith filed a petition in the Dallas Probate Court seeking to vacate the probate court’s order granting the petition to incorporate and ordering an election. The probate court, on that same day, entered an order allowing the January 9 election to proceed, and it agreed to address the matters raised in Lett and Smith’s petition to vacate after the election.
On January 9, 2003, the election on the incorporation question was held. The results of that election were 821 votes for incorporation and 90 votes against incorporation. Election inspectors certified the election results and their certificate was filed with the probate court on January 11, 2003.
On January 16, 2003, the probate court held a hearing on Lett and Smith’s petition to vacate and on several other objections raised by Lett and Smith, including allegations that the metes and bounds description in the petition for incorporation was incorrect, that some parties who signed the petition were not residents, and that absentee ballots had not been provided for the election. On January 30, 2003, the probate court issued an order rejecting Lett and Smith’s objections. Specifically, in its order the probate court found that the description of the property to be incorporated included with the petition for incorporation was an accurate description by metes and bounds of the area proposed to be incorporated and that it met the statutory requirements as interpreted by Alabama Supreme Court caselaw; that Lett and Smith’s challenge with regard to the alleged failure to provide absentee ballots was meritless, in light of § 11-41-1 et seq., Ala.Code 1975; and that the statutory and jurisdictional requirements in effect on the date the petition for incorporation was filed had been met and that, therefore, the jurisdiction of the probate court was properly invoked.
On January 31, 2003, Smith and Lett filed a petition for a writ of mandamus and prohibition in the Dallas Circuit Court, asking that court to direct the probate court to vacate its order granting the petition to incorporate and setting the date for the incorporation election and to issue a writ prohibiting the probate judge from certifying and recording the results of the election. As grounds for the petition for the writ of mandamus, Lett and Smith maintained that the probate court’s order rejecting their objections that the metes and bounds description in the petition for incorporation was not accurate, that voters were denied their right to vote by absentee ballot, and that certain necessary parties in each 40-acre section were not registered voters in the necessary section when they signed the petition, was arbitrary and capricious.
On February 3, 2003, the probate court entered an order of incorporation for the Town of Valley Grande.
*770 On July 7, 2003, the persons who petitioned for an order of incorporation for the Town of Valley Grande (hereinafter “the Valley Grande citizens”) filed in the circuit court a motion to dismiss Lett and Smith’s petition for the writ of mandamus. In their motion, the Valley Grande citizens argued that the circuit court did not have jurisdiction to entertain Smith and Lett’s petition because, they said, the probate court’s order of incorporation, entered on February 3, 2003, constituted a final judgment, and the only remedy available to Lett and Smith was by an appeal. On July 15, 2003, the circuit court denied the motion to dismiss filed by the Valley Grande citizens.
On July 18, 2003, the Valley Grande citizens filed a petition for a writ of mandamus with this Court. In their petition, the Valley Grande citizens argued that the circuit court should have dismissed Lett and Smith’s petition for the writ of mandamus because, they said, Smith and Lett’s proper means of review of the probate court’s order was by an appeal. On August 22, 2003, this Court ordered answers and briefs.

Standard of Review

“The standard for obtaining mandamus review before this Court is a high one.
“‘A writ of mandamus is an extraordinary remedy, and it will be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).’
“Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).”
Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala.2002).

Issue and Analysis

The Valley Grande citizens contend that the circuit court lacks jurisdiction to entertain Lett and Smith’s petition for a writ of mandamus because, they say, the probate court’s order of incorporation was a final judgment reviewable only by an appeal pursuant to § 12-22-20, Ala.Code 1975.
“In Alabama, circuit courts have ‘a general superintendence’ over the probate courts. Ala.Code 1975, § 12-11-30(4). Encompassed in this superintendence is the power to review certain judgments and orders of the probate court, either through direct appeal or by petition for an extraordinary writ. See Helms v. McCollum, 447 So.2d 687 (Ala.1984). Sections 12-22-2 and 12-22-20, Ala.Code 1975, authorize appeals from final judgments of a probate court to either the circuit court or the Supreme Court.
[[Image here]]
“The appellate jurisdiction of the circuit court can also be invoked by a petition for an extraordinary writ. Ala. Const. of 1901, amend. 328, § 6.04(b). Orders as to which no statute grants appellate jurisdiction are reviewed on petitions for writ of certiorari, mandamus, or prohibition. Town of Flat Creek v. Alabama By-Products Corp., 245 Ala. 528, 17 So.2d 771 (1944).”
Franks v. Norfolk Southern Ry., 679 So.2d 214, 216 (Ala.1996).
In Watts v. Town of Green Valley, 282 Ala. 555, 213 So.2d 398 (1968), this Court, on direct appeal, addressed issues *771 similar to those raised in Lett and Smith’s petition in the circuit court for a writ of mandamus. This Court held that an appeal is the proper remedy where the probate court fails to vacate an allegedly void judgment. Therefore, an appeal, not a petition for a writ of mandamus, provides Lett and Smith with the proper mode for attacking the probate court’s judgment. Mandamus is an extraordinary writ, and Lett and Smith cannot use it as a substitute for an appeal. Ex parte Wilson, supra.
This Court has further stated:
“‘The fact that a party has lost the right of appeal by failure to pursue the statutory remedy is not ground for issuing mandamus to compel an annulment of the judgment, Jenkins v. State, 24 Ala.App. 185, 132 So. 437 [(1931)], and mandamus is not available as a substitute for an appeal, Ex parte McElroy, 241 Ala. 554, 4 So.2d 437 [(1941)].’ Denson v. First National Bank of Birmingham, 276 Ala. 146, 149, 159 So.2d 849, 851 [(1964)].”
State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972).
The Valley Grande citizens properly invoked the jurisdiction of this Court and have established a clear legal right to a writ of mandamus ordering the Dallas Circuit Court to dismiss Smith and Lett’s petition for a writ of mandamus. See Ex parte Johnson, 715 So.2d 783, 785 (Ala.1998)(recognizing “that the question of subject matter jurisdiction is reviewable by a petition for a writ of mandamus”). Lett and Smith had an adequate remedy by appeal; accordingly, a petition for a writ of mandamus filed in the circuit court was not the appropriate means of review in this case. The Valley Grande citizens are entitled to the extraordinary relief they seek here. The Dallas Circuit Court is directed to dismiss Lett and Smith’s petition for a writ of mandamus and prohibition.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ„ concur.
JOHNSTONE, J„ concurs in the rationale in part and concurs in the judgment.