JOHNSTONE, Justice
(concurring in the rationale in part and concurring in the judgment).
In the case of Watts v. Town of Green Valley, 282 Ala. 555, 213 So.2d 398 (1968), cited in the main opinion, Watts, a resident of an unincorporated community, successfully challenged successive orders of the probate court calling and then approving an election for the incorporation of the community. The successful ground of the challenge was that the orders were void because the probate court lacked jurisdiction to enter the orders because the requisite number of qualified electors did not reside in a certain portion of the area to be incorporated. Watts does contain the statement that “[a]n appeal is the proper remedy where the trial court fails to vacate a void decree.” 282 Ala. at 561, 213 So.2d at 404.
However, this Court has also held that, because a judgment void for want of jurisdiction will not support an appeal, the proper vehicle for review is a petition for a writ of mandamus directing the trial judge to vacate the judgment. Ex parte Citizens Bank, 879 So.2d 535, 538 (Ala.2003); and Ex parte Punturo, [Ms. 1000115, February 8, 2002] — So.2d-(Ala.2002). Thus, in the case now before us, had Smith and Lett’s petition, filed in the circuit court for a writ of mandamus directed to the probate court, challenged the January 30, 2003 probate court order on the ground *772 that it was void for want of jurisdiction, the petition for a writ of mandamus would have been an appropriate vehicle for review. But the petition did not assert such a ground. Indeed the petition did not mention jurisdiction or characterize the probate court order as void. Nor do the materials before us on the petition of the municipality show a want of jurisdiction in the probate court.
Moreover, the January 30, 2003 probate court order appears on its face to be a final order appealable to the circuit court pursuant to § 12-22-20, Ala.Code, 1975. Indeed, Smith and Lett’s brief to us does not contend otherwise. I agree with the main opinion that a petition for a writ of mandamus is not a substitute for an appeal.
For all of these reasons, the petition for a writ of mandamus Smith and Lett filed in the circuit court is inappropriate. Thus, I concur in the judgment of our Court issuing a writ of mandamus directing the circuit court judge to dismiss Smith and Lett’s petition.