MURDOCK, Justice
(concurring specially).
The main opinion concludes its review of the propriety of the probate court’s Rule 54(b), Ala. R. Civ. P., certification of its November 25, 2013, order by reasoning that the probate court’s order was not properly certifiable as a final, appealable judgment under Rule 54(b) because that order did not “completely adjudicate” a claim. 166 So.3d at 643. To be clear, not only did the probate court’s order not “completely” adjudicate a claim, it did not even “partially” adjudicate a claim. Indeed, to the contrary, it “undid” an otherwise final adjudication of a claim, thereby leaving that claim open for further consideration by the probate court. Our precedents specifically hold that, except in unique circumstances not present here, the grant of a Rule 60(b), Ala. R. Civ. P., motion is not appealable for this very reason, i.e., it vacates a final judgment and contemplates further proceedings in the trial court. See, e.g., Washington Mut. Bank, F.A. v. Campbell, 24 So.3d 435, 439 (Ala.2009) (noting that “[a]n order granting a Rule 60(b), Ala. R. Civ. P., motion generally is not appealable because ‘further proceedings are contemplated by the trial court.’ Ex parte Overton, 985 So.2d 423, 424 (Ala.2007).”).
The “claims” to which Rule 54(b) refers are the claims for substantive relief assert *651 ed by plaintiffs that create lawsuits. See Rule 54, Ala. R. Civ. P. (addressing “claims for relief ..., whether ... a claim, counterclaim, cross-claim, or third-party claim”). Rule 54(b) addresses orders that conclusively or finally dispose of such “claims,” not orders that reject defenses asserted by defendants and thereby leave the plaintiffs claims that are the subject of the Rule 54(b) certification pending for further proceedings.
In the present case, the omitted heirs effectively occupied the position of defendants in relation to Bessie Kirksey’s claims; they “defended” against Kirksey’s claims, in part, by seeking to persuade the probate court to dismiss those claims for lack of subject-matter jurisdiction. The probate court did not do that. Although it did choose on the merits to undo its prior adjudication of Kirksey’s claims, it denied the defendant’s motion to dismiss Kirk-sey’s claims on the ground, asserted by the omitted heirs, that the probate court lacked subject-matter jurisdiction over those claims. Thus, the probate court entered an order rejecting the defense of lack of jurisdiction asserted by the omitted heirs, thereby keeping Kirksey’s claims alive for further proceedings. Such an order is not an order otherwise subject to a certification of finality under Rule 54(b); it did not settle the parties’ substantive rights in relation to one another. See, e.g., Banyan Corp. v. Leithead, 41 So.3d 51, 54 (Ala.2009) (holding that the trial court erred in certifying an order as a final, appealable judgment under Rule 54(b) because “the order ... did not completely dispose of any of the substantive claims in this case, nor did the order fully dispose of the claims as they relate to at least one party”). See also, e.g., State v. Brantley Land, L.L.C., 976 So.2d 996, 999 (Ala.2007) (“ ‘ “Only a fully adjudicated whole claim against a party may be certified under Rule 54(b).” ’ ” (quoting James v. Alabama Coalition For Equity, Inc., 713 So.2d 937, 942 (Ala.1997), quoting in turn Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., 813 F.2d 81, 84 (5th Cir.1987) (emphasis omitted))); and Haynes v. Alfa Fin. Corp., 730 So.2d 178, 181 (Ala.1999) (“[F]or a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least one claim or fully dispose of the claims as they relate to at least one party.”).
The Chief Justice, in his special writing, expresses a reluctance to accept a petition for a writ of mandamus as the appropriate vehicle for seeking relief from this Court. He points to § 12-22-20, Ala.Code 1975, which he reads as permitting an appeal to this Court of the probate court’s order. The language of § 12-22-20 quoted by the Chief Justice, however, expressly permits an appeal only as to a “final judgment, order or decree.”
Nor does the decision of this Court in Watts v. Town of Green Valley, 282 Ala. 555, 213 So.2d 398 (1968), support the notion that an appeal is available in this case. The judgment appealed in Watts, which the trial court there had refused to vacate, was a final judgment. That is, the judgment appealed in Watts had conclusively adjudicated the rights of the parties; the judgment had provided the plaintiffs the substantive relief requested in their complaint, i.e., an order requiring an election regarding the possible incorporation of a new town. Similarly, the appeal in McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885 (1960), was from a judgment that had conclusively adjudicated the claims at issue in that case — salary claims brought by county employees against various county commissioners.[6] The fact that the defenses *652 asserted, but rejected by the trial court, in both Watts and McDonald happened to be jurisdictional defenses does not change the fact that the judgments entered by the trial courts in those cases and appealed to this Court were in ánd of themselves final judgments that finally decided the claims asserted by the plaintiffs in those cases. The order of the.probate court here vacating its otherwise final judgment adjudicating the claims of certain heirs and requiring further proceedings as to those claims is the opposite.

. Both Watts and McDonald were decided by this Court prior to the promulgation of Rule 54.