MOORE, Chief Justice
(concurring in the result in case no. 1130385 and dissenting in case no. 1130403).
I concur with the conclusion of the main opinion that the probate court lacked subject-matter jurisdiction to oversee the wrongful-death settlement and the distribution of the settlement proceeds. However, I concur in the result in case no. 1130385 and dissent in case no. 1130403 because, pursuant to § 12-22-20, Ala.Code 1975, I believe both cases are properly before us on appeal from a “final decree of the probate court, or from any final judgment, order or decree of the probate judge.” In my opinion, the Court, while correctly identifying the jurisdictional defect in the probate proceedings, unnecessarily treats the omitted heirs’ cross-appeal as a petition for the extraordinary writ of mandamus.
The main opinion addresses as a threshold issue whether the probate court’s Rule 54(b), Ala. R. Civ. P., certification of its November 25, 2013, order was proper. Having determined that the order was not properly certified as a final order, the main opinion goes on to treat the omitted heirs’ cross-appeal as a petition for a writ of mandamus. However, both Bessie Kirksey and the omitted heirs expressly invoked this Court’s jurisdiction to hear their appeals as of right pursuant to § 12-22-20, Ala.Code 1975, not from a judgment made final pursuant to Rule 54(b).
Section 12-22-20 is an independent source of appellate jurisdiction that does not depend upon a trial court’s certifying the challenged order as final under Rule 54(b). Although an appeal from a Rule 54(b) order lies only if the order “dispose[d] of at least one of a number of claims or one of multiple parties,” Ex parte Noland Hosp. Montgomery, LLC, 127 So.3d 1160, 1165-66 (Ala.2012), under § 12-22-20,
“[a]n appeal lies to the circuit court or Supreme Court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge; and, in all cases where it may of right be done, the appellate court shall render such decree, order or judgment as the probate court ought to have rendered.”
(Emphasis added.) The main opinion attaches significance to the probate court’s Rule 54(b) certification of its November 25, 2013, order, when, in fact, I believe the parties properly invoked this Court’s appellate jurisdiction under § 12-22-20, Ala. Code 1975. Pursuant to that provision, I believe this Court has jurisdiction to hear the parties’ appeals, even if the probate *654 court had not certified its order as a final judgment.
In their September 25, 2018, motion, the omitted heirs challenged the probate court’s subject-matter jurisdiction and asked the probate court to vacate its August 26, 2013, order insofar as it reopened Willie May Graves’s estate and appointed the county administrator to preside over subsequent proceedings. The procedural posture of this case closely resembles that in Watts v. Town of Green Valley, 282 Ala. 555, 213 So.2d 398 (1968). In Watts, a probate court exercised its special statutory jurisdiction to order that an election be held among residents of a town to determine whether to incorporate the town. Watts then moved the probate court to set aside its order on the ground that the court lacked subject-matter jurisdiction to issue the order. The alleged jurisdictional defect resulted from the fact that one of four individuals who had signed the petition to incorporate the town was not a qualified elector, as required by statute. The probate court determined that it had jurisdiction, and Watts appealed to this Court.
This Court reversed the order of the probate court on the ground that the disqualification of the signatory deprived the probate court of jurisdiction over the proceeding. Our reasoning and holding bears reiterating because I believe it applies with equal force to the instant case:
“Here, there was a [djirect attack on the validity of the decrees, which direct attack questioned the jurisdiction of the court to render such decrees, and moved the court that they be vacated. Such direct attack was filed in the court that rendered the decrees. The alleged facts recited in the decree, or decrees, as to the jurisdiction of the court, was contradicted by primary records in the proceeding, and disclosed the lack of jurisdiction on the part of the court....
[[Image here]]
“The question of jurisdiction is always fundamental and is a question of prima^ importance in every case, and if there is an absence of jurisdiction over subject matter, it is fatal....
[[Image here]]
“... [A]n absence of jurisdiction was shown because one of the necessary condition precedents establishing such jurisdiction was proven to be not existing. ...
“Here, if the subject matter before the probate court was an ordinary power vesting in the court without being dependent upon a special statute ... the rule relative to jurisdictional matters before the court may have been different ....
“However, the power vested in the probate court ... was not an ordinary or general power vested in the court, but was a special limited or statutory power being exercised by a court of limited jurisdiction....
“Here, the judicial act of the probate court in deciding it had jurisdiction was an erroneous conclusion in view of the facts before the court on direct attack of the court’s decrees. Viewing the record of the probate court proceedings, it is clear from such record now before this court by transcript and bill of exceptions, that the court was without authority to enter its decrees from which rulings of that court this appeal was taken.
“When the evidence clearly established lack of jurisdiction over the subject matter, the proceedings should have ended for they were void ....
“No issue has been raised as to the propriety of the motions to vacate the probate court’s decrees from a procedural standpoint. However, we think such motions were proper procedure, and the court had the power to vacate its de *655 crees on motion. An appeal is the proper remedy where the trial court fails to vacate a void decree. Doby v. Carroll, 274 Ala. 273, 147 So.2d 803 [(1962)]; McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885 [ (1960) ].
“It therefore follows that the probate court should have granted the motions seeking to vacate its decrees, such decrees being void for lack of jurisdiction on the part of the court.”
282 Ala. at 559-62, 213 So.2d at 402-04 (all but first emphasis added).
Additionally, in McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885 (1960), we declared that when a trial court issues a judgment that is void for lack of subject-matter jurisdiction and fails to vacate that void judgment on motion of an interested party, the appropriate remedy is an appeal. Thus, under § 12-22-20, Ala.Code 1975, “an appeal is the proper remedy where the probate court fails to vacate an allegedly void judgment. Therefore, an appeal, not a petition for a writ of mandamus, provides [the petitioners] the proper mode for attacking the probate court’s judgment. Mandamus is an extraordinary writ, and [the petitioners] cannot use it as a substitute for an appeal.” Ex parte Town of Valley Grande, 885 So.2d 768, 771 (Ala.2003)(emphasis added).
Because the probate court’s November 25, 2013, order, like the orders in Watts and Town of Valley Grande, failed to vacate its allegedly void order of August 26, 2013, I believe that order was directly appealable under § 12-22-20, Ala.Code 1975. The probate court lacked subject-matter jurisdiction to oversee the settlement of the wrongful-death action and the distribution of the wrongful-death-settlement proceeds. Therefore, “every order and judgment entered in this case [with respect to that issue] was void, including the judgments from which this appeal was taken. A void judgment will not support an appeal.” Bernals, Inc. v. Kessler-Greystone, LLC, 70 So.3d 315, 321 (Ala.2011) (vacating a default judgment and dismissing an appeal from that and other orders, on the ground that the trial court lacked jurisdiction to hear the case). Section 12-22-20 instructs us, when hearing an appeal, to “render such ... order or judgment as the probate court ought to have rendered.” Therefore, I believe we should dismiss both Bessie Kirksey’s appeal and the omitted heirs’ cross-appeal, vacate the probate court’s orders of August 26, 2013, and November 25, 2013, direct the probate court to dismiss the interpleader action, and hold that the language of the probate court’s May 4, 2012, order approving the wrongful-death settlement and ordering the distribution of the proceeds is of no effect.