By the Court.
 

 The demurrer to the answer searches the record and challenges the sufficiency of the petition in mandamus. 31 Ohio Jurisprudence, 781, Section 202, citing
 
 Trott
 
 v.
 
 Sarchett,
 
 10 Ohio St., 241, and other cases.
 

 Relator relies on the provisions of Section 3526, General Code, for his right to have an election on the question of the incorporation of the territory into a village. Among other requirements imposed by that section is one that a petition to incorporate territory into a village “shall be accompanied by an accurate map of the territory.”
 

 Attached to the petition in mandamus as exhibits are the petition to incorporate and a map. The boundaries of the territory delineated on the map do not coincide with those described in the petition to incorporate.
 

 
 *258
 
 The petition in mandamus alleges that the board of trustees failed, refused and neglected to accept the petition to incorporate and the map, rejected the prayer of that petition and refused and failed to order that the “aforesaid territory [the descriptions of which in the mandamus and incorporation petitions, respectively, do not tally verbatim] shall, with the assent of the qualified voters thereof be an incorporated village by the name specified in the petition, to wit: ‘Camp Chase,’ Ohio.”
 

 The board of trustees was without authority to alter or amend the description in the incorporation petition and thereby change the description of the territory as set forth in that petition at the time it was signed by the electors and at the time it was subsequently presented to the board of trustees.
 

 This court may not grant leave to substitute words in such petition to incorporate territory.
 

 The board of township trustees was warranted in refusing to accept the petition and map with conflicting descriptions of territory and in refusing to order an election.
 

 A writ of mandamus will be issued only when a clear legal right thereto appears. 25 Ohio Jurisprudence, 997, Section 23;
 
 State, ex rel. Coen,
 
 v.
 
 Industrial Commission,
 
 126 Ohio St., 550, 186 N. E., 398. The relator in this proceeding has failed to establish a clear legal right to such writ.
 

 This court finding the petition does not state a cause of action, the demurrer is sustained as to the petition, a writ of mandamus is denied and the petition therefor is dismissed.
 

 Writ denied.
 

 Weygandt, C. J., Zimmerman, Bell, Matthias and Hart, JJ., concur.
 

 Turner, J., not participating.