58 So.2d 604

**TOWN OF OXFORD v. STATE ex rel. HOWLE et al.**

**TOWN OF OXFORD v. STATE ex rel. PETTUS et al.**

**7 Div. 129, 130.**

Supreme Court of Alabama.
March 13, 1952.

Rehearing Denied May 15, 1952.

Young & Young, Anniston, for appellant.

350

Merrill, Merrill & Vardaman, Anniston, for appellees.

FOSTER, Justice.

The question on this appeal is whether section 135(9), Title 37, Code, which provides for the consent of certain groups of residents in territory proposed to be annexed to an existing municipality, requires that there shall be a petition for such annexation which shall be signed by them. when there is nothing in the statute looking to a petition except that clause in section 135(9). It provides that their consent shall be manifested by signing "said petition". That term presupposes that something has been previously said about a petition. But there has been nothing previously said about it in that proceeding. That is Chapter 5, Article 1, sections 134 to 137. There is another section of the Code, section 10, Title 37, which uses the same language as that in section 135(9), supra. Section 10 is in Chapter 2, Article 1, and prescribes a proceeding to incorporate unincorporated territory not as a part of an existing corporation. It is to accomplish a different result from Chapter 5, Article 1, supra. The different statutes provide different courses of procedure.

Chapter 2 (section 10, Title 37), Article 1, which has no reference to the annexation of territory to an existing municipality, but only to the incorporation of unincor-

porated territory, provides for an application (which would be a petition) to the probate judge. Both sections 10 and 135, supra, refer back to the Code of 1907, as sections 1053 and 1071, respectively. Neither of them contained the clause in question. These Code sections became 1744 and 1765, respectively, in the Code of 1923. The notation on each indicates that they were "revised by the Code Committee." The same language was used in the revision of both sections. And as revised they are likewise the same in the Code of 1940. It is our opinion that the clause was drafted to revise section 1053, Code of 1907, as it became 1744, Code of 1923. For in doing so, it was appropriate to refer to "said petition," because a petition was provided for in that article. The same language was also used in revising section 1071, Code of 1907, to become section 1765, Code of 1923, in which there has never been provision for a petition or application and, therefore, the feature which provided for signatures to "said petition" was inapt, and probably inadvertent.

Exhibit "B" to the instant petition and the answer to it allege that the Town Council of Oxford, to which annexation was proposed, passed the required resolution which was certified by the mayor to the probate judge, and that there was attached to said resolution as so certified the required map or plat; and he further certified that at least four qualified electors residing in each quarter of each quarter section assented to said annexation in writing, as shown by Exhibit 2 attached to it, and that persons, firms or corporations owning at least sixty per cent of the acreage of such platted or unplatted lands had likewise consented to such annexation as shown by their signatures to said petition thereto attached as said Exhibit 2. Those are the two groups required to assent to the annexation and to signify their assent by signing "said petition". There is not shown to have been any petition required to be made or that was made which they could sign. But they did sign written instruments purporting to petition the mayor and Town Council of Oxford to hold an election to determine whether the

area in question should be incorporated in the town limits of Oxford. There were several such written instruments so signed, the answer alleges, which constitute the required number. Such instruments import the assent of the signers. The answer further alleges that proof was made to the judge of probate that the groups, as alleged, supra, who signed said writings, constitute the parties required by section 135(9), supra, to give their consent.

A demurrer to the answer was sustained. Respondent declined to plead further and a judgment was rendered granting the relief sought, prohibiting the Town of Oxford from exercising jurisdiction over the territory in question. The respondent has appealed to this court. The only question argued is as to whether the two groups of persons referred to should have signed a petition in due form stating the existence of these qualifications under section 135(9) either to the town council or to the probate judge to confer jurisdiction to proceed in the matter.

It is settled by our cases that the signatures of the members of the groups required by section 10, supra, must be attached to the petition to confer jurisdiction. Town of Flat Creek v. Alabama By-Products Corp., 245 Ala. 528, 17 So.2d 771; Richey v. Butler, 255 Ala. 150, 50 So.2d 441; State ex rel. Kinney v. Town of Steppville, 232 Ala. 407, 168 So. 433; West End v. State ex rel., 138 Ala. 295, 36 So. 423.

But section 10, supra, contemplates and requires a petition addressed to the probate judge. It is the initial step and necessary to the jurisdiction of the probate judge to proceed. No such procedure is required or contemplated by section 135, supra. Under it, the first step to be taken is a resolution passed by the city council containing the matter set out. Nothing is necessary to stimulate any activity of the council. When the resolution is passed, it becomes the duty of the mayor to certify a copy of it to the judge of probate. Still no petition is mentioned. But section 135(9), supra, requires named groups of individuals to sign "said petition". We think that it is a fair interpretation of that

status of the law to hold that it does not require more than was done here, as alleged in the answer and Exhibit "B", supra. The evident purpose was to require such persons to give written consent to the annexation, which must be in the hands of the probate judge when the resolution is brought to his attention. Such persons must have the required qualifications, but we think that it is not jurisdictional that the writing which they sign shall contain those allegations, but they must be proven on the hearing before the probate judge. The answer sufficiently shows that was done, and the ruling on the demurrer cannot be sustained on account of that status of the pleading. No other contention is made. We think the demurrer to the answer was erroneously sustained.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.

LAWSON and SIMPSON, JJ., concur in the result and express their views.

LAWSON, Justice (concurring specially).

I concur in the result for the reason that I do not think the last three sentences of subsection (9), section 135, Title 37, Code of 1940, can be held to be operative inasmuch as there is no petition provided for in case of annexation of territory to an existing municipality.

SIMPSON, J., concurs in the foregoing views.