Weygandt, C. J.
The respondents devote most of their attention to the question whether the petition for incorporation is fatally defective by reason of inaccuracy in the required description of the territory to be incorporated.
The controlling statute is Section 3519, General Code (Section 707.04, Revised Code), which reads as follows :
“The petition shall contain: 1. An accurate description of the territory embraced within the proposed corporation, and it may contain adjacent territory not laid off into lots; 2. The supposed number of inhabitants residing in the proposed corporation; 3. The name proposed; 4. The name of a person to act as agent for the petitioners, and more than one agent may be named therein.”
The respondents’ sole objection to the 29-line typewritten description in the petition is that in one clause appear the words and figures “thence along said tangent with a course of 5.54° - 58' W. to a point in the center line of Olive street.”
It is conceded that the first figure “ 5 ” should be the *40 letter “S” indicating the word “south” just as the letter “W” indicates the word “west.” The relator insists that the error is merely an obvious typographical one, that no one has been misled thereby, that the error is inconsequential inasmuch as the petition was accompanied by a map which the trial court found to be accurate, that the original typographical error in the petition was corrected by filing with the respondent trustees an amended description, and that this amendment was in the hands of the respondents at the time they considered and denied the prayer of the petitioners.
This court agrees with the following conclusion of the lower courts:
“* * * the description was accurate with the exception of a typographical error which did not render it impossible to understand the description and that the trustees, by their own actions, accepted the correction of the error at their meeting of August 8, 1952.
“It is apparent that the inaccuracy in the original description was a mere typographical error, the typist having struck a ‘5’ in the place of an ‘S.’ The correction constituted no material change in the description. Furthermore, the map filed with the original petition, and which was in no wise changed, set forth an accurate description of the premises sought to be incorporated. ’ ’
The respondents rely on the decision of this court in the ease of State, ex rel. Lantz, v. Board of Trustees of Franklin Twp., 147 Ohio St., 256, 70 N. E. (2d), 890. A study of that case discloses that it is readily distinguishable from the instant one. In that case the board of trustees was held to be without authority to amend the description in the petition, while in the instant case an amended description was filed with the board of trustees and was before it at the time it con *41 sidered and denied the prayer of the petitioners. Furthermore, the error in that case was positive and misleading in that the word “south” was used when exactly the opposite direction was the correct one, while in the instant case the figure “ 5 ” was meaningless and misled no one. Then, too, in that case there was a positive, irreconcilable conflict between the description and the accompanying map, while in the instant case the error in the description was apparent and so shown by the map.
Another contention of the respondents is that the agents of the petitioners were without authority to file the amended description. Of course, as held in the Lantz case, supra, the agents were without authority to alter the territory the petitioners asked to have incorporated. However, this was not attempted. The only thing the agents did here was to correct an obvious error and have the description read as originally intended. It was the duty of the agents to perform their job correctly.
Another objection of the respondents is that the petition was not accompanied by proof of the qualifications of the signers. But this is not thé language of the pertinent statute. Section 3527, General Code (Section 707.16, Revised Code), reads in part as follows :
“When the township trustees receive the petition, with the proof that the persons who sign it are electors, and reside within the limits of the proposed incorporation, and that a majority of them are freeholders, they shall make and order that such territory shall, with the assent of the qualified voters thereof * * * be an incorporated village by the name specified * *
Was the proof received with the petition? This petition was filed July 11, 1952. The proof in the form of certificates by the county auditor and the clerk of *42 the board of elections was filed with the respondent trustees several weeks later and was in their hands at the time they considered and denied the prayer of the petitioners. A study of the dictionaries discloses that the word “with” has numerous meanings. One of them is “ as well as. ’ ’ Another is ‘ ‘ association by way of addition or supplement.” ' The petitioners did file the proof as well as the petition, and they did file proof by way of addition or supplement to their petition. Hence, in the absence of a specific requirement that the proof be filed simultaneously with the petition, the lower courts were not in error in holding that the proof was filed “with” the petition.
The respondents assert additional assignments of error which involve questions that are not serious and were not raised in the lower courts. Hence, they are not considered here, inasmuch as reviewing courts do not reverse lower courts on questions not presented to them.
The writ of mandamus was properly allowed and the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Middleton, Taet, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.