179 So.2d 759

**Marvin WOODALL**

v.

**CITY OF GADSDEN et al.**

**7 Div. 688.**

Supreme Court of Alabama.

Aug. 12, 1965.

Rehearing Denied Nov. 18, 1965.

Nabors & Torbert, Gadsden, for appellant.

.Martin & Floyd, Gadsden, for appellees.

SIMPSON, Justice.

An election was held on August 31, 1964, for the purpose of determining whether or not a certain area contiguous to the City of Gadsden should be annexed to that city.

The results of the election were declared to be against annexation by a vote of 77 to 75. The appellant filed a contest. The individual appellees, all residents of the area to be annexed, intervened. A trial was held in the Probate Court at the conclusion of which the court found that two persons who voted against annexation were not qualified to vote, that their votes should not be counted, resulting in a 75–75 tie. The court further held that since a majority of the voters within the area involved did not vote for annexation that the area was not annexed to the City of Gadsden.

The appellant contends that several persons whose votes were counted against annexation were not qualified voters and hence the trial court erred in failing to discount their votes as well as the others which he found to be disqualified. Only four such votes are here involved:

It is contended that Mrs. Eula B. Gray and Mrs. Allene Gray Parnell were improperly registered in that a qualified elector did not vouch for their qualifications; that Columbus Franklin Goggans had not paid his poll tax and was therefore ineligible to vote; and that Maybrene Wagnon lived outside the territory proposed to be annexed.

In order, the arguments are as follows:

C. G. Voss vouched for voters Gray and Parnell. His vote was also challenged and the court found that he was ineligible to vote in that he had not been a resident of the state for more than one year before the election was held. Without going into whether or not this was a proper conclusion, the question here is assuming that it was,

does his disqualification in turn disqualify Mrs. Gray and Mrs. Parnell for whom he vouched at the time they were registered to vote. We think not. Whether or not each prospective voter who presents himself for registration must be "vouched" for by a qualified elector is a rule of the local Board of Registrars. The evidence in this regard is to the effect that the Board of Registrars of Etowah County required an affidavit by a supporting witness on the back of the application of each applicant for registration; that this supporting witness must be a resident of the state and county. The chairman of the Board of Registrars testified that the Board had a rule which was not "a written rule" which required the supporting witness to be a qualified elector of Etowah County. Without deciding whether these rules are deserving of judicial sanction, suffice it to say that the subsequent finding that the witness is not a qualified elector will not render the vote of the persons for whom he vouched ineligible, assuming that they are otherwise qualified under the laws of this state.

It is not contended that these ladies were disqualified for any reason other than they were not properly vouched for. However, they were not informed at the time they sought to register that their witness was unacceptable. On the contrary, his name appeared on the list of registered voters maintained in the Probate Office of the county. He was subsequently ruled ineligible in this contest on a question of fact as to the length of time he had lived in the county, having returned there from Tennessee at a time which the court below found to be insufficient to render him eligible to vote in this election. The question being one of fact we do not disturb the court's conclusion on all of the evidence presented on this issue.

■ The registration officials accepted the application of these voters and placed their names on the rolls of qualified electors. It is the established law in this state that:
"* * * a person be not disfranchised as to his right as an elector or denied in [sic] the privilege to hold

office when he has made an honest effort to comply with the law and in that effort has substantially complied with the statutory mandates. Garrett v. Cunninghame, 211 Ala. 430, 100 So. 845; Campbell et al. v. Jefferson County, 216 Ala. 251, 113 So. 230." Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788.

We might add that this principle applies with equal force when he has made a substantial effort to comply with the rules of the local Board of Registrars.

■ For the same reasons, we think the court below properly ruled that the vote of Columbus Franklin Goggans should be counted. The custodian of the voting records of Etowah County testified that he was registered to vote in Etowah County of July 10, 1964, but his "card" was placed in an "inactive" file until poll tax was marked paid or an exemption was claimed. The voter testified and exhibited a poll tax exemption certificate issued to him by the Probate Court of Etowah County in 1946 indicating that he was exempt from the payment of poll tax under the provisions of § 194½ of the Constitution of Alabama (the veteran's exemption). It seems that Goggans originally registered to vote in Etowah County in 1946 and claimed his exemption at that time. He later moved to St. Clair County where he also registered to vote and claimed his exemption. When he re-registered in Etowah in 1964 he did not again go to the Probate office to claim his exemption but exhibited his exemption certificate to the registration officials. We can see no reason other than purely artificial and technical ones why one should be required to claim the exemption more than one time in each county in which he registers to vote. This is a permanent exemption granted by the Constitution. If a voter is a veteran and entitled to the exemption in 1946, he remains a veteran entitled to it from then on. It is not an exemption based upon an event which might change from year to year. It seems to us that it would be a simple matter for the registration officials to know what exemptions are on file in the Probate office.

The only other vote assailed is that of Mrs. Maybrene Wagnon. It appears that a part of her home is within the area to be annexed and a part is without the area. The trial court found that under the provisions of Title 17, § 18, Code of 1940, recompiled 1958, that Mrs. Wagnon was allowed to elect which area she preferred to be in. We agree. This statute was enacted to abrogate the artificial and technical rules existing under case law under these circumstances. We think it is clear that she made her election by voting in this election. We are not persuaded that this legislature intended to provide a remedy only when the home of the person was situated on a county or precinct line, but rather we think it was intended to apply in any case where a political line is so drawn that the residence is situated partly on one side and partly on another.

No error is made to appear in the rulings below.

Affirmed.

LAWSON, GOODWYN, and COLEMAN, JJ., concur.