240 So.2d 125

**J. Paul MEEKS, as Judge, etc.**

**v.**

**TOWN OF HOOVER, Alabama, etc.**

**6 Div. 758.**

Supreme Court of Alabama.

Oct. 15, 1970.

Irvine C. Porter, Birmingham, for appellant.

Beavers, Shannon, Harrison & Odom, Birmingham, for appellee.

McCALL, Justice.

This is an appeal by Honorable J. Paul Meeks, Judge of Probate of Jefferson County, Alabama, from a final decree rendered by the circuit court in a declaratory judgment suit, in equity, which was favorable to the complainant, Town of Hoover, a Municipal Corporation. The litigation came about by the filing of a petition with Judge Meeks to incorporate a municipality known as Green Valley, in Jefferson County, Alabama, pursuant to Tit. 37, § 10, Code of Alabama, 1940, as amended.

The incorporation proceeding culminated in this court's holding in the case of Watts v. Town of Green Valley, 282 Ala. 555, 213 So.2d 398, on a direct appeal from orders of Judge Meeks that the appellant was without jurisdiction to act in the matter of the incorporation, because one of the necessary condition precedents to establish his jurisdiction was proved to be lacking in that a

party signing the petition for incorporation was not a qualified elector as required by the statute, Tit. 37, § 10. After vacating his orders, looking toward an incorporation of the municipality, Judge Meeks proceeded with entertaining an amendment to the original petition which seeks to overcome the jurisdictional deficiencies and prays that another election date be set to determine whether the town shall be incorporated. Thereupon, the Town of Hoover, a duly incorporated and existing municipality, filed its bill in equity in the present case against the probate judge for a declaratory judgment, alleging among other matters that the territory sought to be incorporated consists of lands which lie within three miles of its corporate limits; and, further, that the proceeding to incorporate has been declared void. The bill, further alleging that the appellant intends to hold another election pursuant to the amended petition, seeks to enjoin him as probate judge from proceeding with the incorporation under the amended petition.

■ The appellant contends that the Supreme Court holding in *Watts* does not bar him from entertaining the proposed amendment to the petition to incorporate, which would correct the jurisdictional deficiencies. The appellant insists that he retains jurisdiction to entertain an amendment to the petition as long as the proceedings are in progress that would overcome these jurisdictional deficiencies. This amendment, if effective, would strike from the property description in the original petition for incorporation, six parcels of land extending across the quarter-quarter section lines so as to make the incorporated area more compact and homogeneous. It would eliminate the disqualified elector as well as other persons named residing in the stricken area. It would accurately describe the reduced amended area and substitute a corrected map for that attached to the original petition. The appellant further contends that such an amendment would relate back to the time of the filing of the original petition, Tit. 7, § 239,

Code of Alabama, 1940. So the question follows: Might those who are qualified and who filed the original petition, amend in the manner stated, so that the requirements, essential to land area and parties will be met? The bill seeks a determination of this and other issues raised under the judgment of this court in *Watts*. We think such a bill presents a subject, cognizable for declaratory relief. In Avery Freight Lines v. White, 245 Ala. 618, 624, 18 So.2d 394, 399, the court said:

" * * * 'A real and substantial controversy over the effect of a judgment presents a ground for relief under the Declaratory Judgment Act.' Aetna Life Ins. Co. v. Martin, 8 Cir., 108 F.2d 824, 826; Board of Commissioners, etc., v. Cockrell, 5 Cir., 91 F.2d 412. See Bond v. Avondale Baptist Church, 239 Ala. 366, 194 So. 833."

In the related case of Watts v. Town of Green Valley, 282 Ala. 555, 213 So.2d 398, supra, this court held that, since one of the necessary four alleged electors residing on one of the quarter-quarter sections of the territory included in the incorporated area, who signed the petition for incorporation as a resident pursuant to the incorporation statute, actually was not a qualified elector at the time he signed the petition, as shown on the face of the record, the probate judge should have granted *Watts'* motions seeking to vacate the probate judge's orders for the reason that they were void because he lacked jurisdiction in the matter. The orders referred to and ordered to be vacated and set aside, were those (1) directing the holding of an incorporation election to determine whether the Town of Green Valley should be incorporated and the election held pursuant thereto, (2) the order of incorporation of Green Valley entered on April 15, 1968, and (3) the order of April 15, 1968, ordering an election of a mayor and five councilmen of the Town of Green Valley. This court said in part in *Watts,* supra:

" * * * Viewing the record of the probate court proceedings, it is clear

from such record now before this court by transcript and bill of exceptions, that the court was without authority to enter its decrees from which rulings of that court this appeal was taken.

"When the evidence clearly established lack of jurisdiction over the subject matter, *the proceedings should have ended for they were void*. Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725, supra; Pickens v. Clark, 203 Ala. 544, 84 So. 738, supra. We think it is unrefuted from the evidence, as established by the transcript and bill of exceptions, that *a necessary criterion or condition precedent was non-existent. Therefore, the probate court lacked jurisdiction.*" (Emphasis added)

The appellant urges us to reconsider the *Watts* decision and overturn it as being erroneous and contrary to all previous decision law of this state on the issues at hand. The appellant advances no substantially new or different reason or authority for our overruling *Watts* from what has already been considered by the court on that appeal. We are not disposed therefore to reverse our decision in *Watts*.

In the case of Bridges v. City of Biloxi, 250 Miss. 717, 168 So.2d 40, the Supreme Court of Mississippi held where a statute required that the petition for incorporation of a municipality be signed by at least two thirds of the qualified voters in the territory to be incorporated, that once the petition is filed, amendments thereafter cannot be made so as to include the names of additional petitioners.

We do not think that petitioners can do indirectly, that which they cannot do directly in order to give the petition validity. If there was originally an insufficiency of bona fide electors to the petition, which cannot be remedied by adding additional electors, then neither can the fault be remedied by reducing the land area to be incorporated in order to gain the requisite number of qualified electors in each of the quarter-quarter sections.

In McQuillin Municipal Corporations, 3rd Ed., Vol. I, § 3.27, p. 560, this rule is stated:

"The court or board to which a petition for incorporation is presented has no authority to alter or amend the description in the petition of the territory sought to be incorporated, or to permit a substantial amendment of the boundaries, except where the amendment does not change the area to be incorporated, and in some states where farm lands are excluded by amendment at the request of the party aggrieved."

To the same effect is a statement in 62 C.J.S. Municipal Corporations § 17, p. 96, where it is stated:

"Material and improper alterations of a petition for incorporation after it has been presented or filed may render the subsequent proceedings void, and it may not be altered or amended so as to correct a material mistake in the description of the territory to be included, but the court may, while the matter is pending and all the parties are represented, permit an amendment of the petition so that it will comply fully with the statute in a matter of form."

71 C.J.S. Pleading § 288b, p. 638, jurisdictional matters, gives the following statement:

"It has been held that the original pleading in an action commenced in a manner violating an express statutory prohibition going to the jurisdiction of the court is not amendable, and that, *where a tribunal is of special and limited jurisdiction, if the facts on which jurisdiction rests do not appear, the court has no jurisdiction to permit them to be supplied by amendment.* * * *" (Emphasis added)

Then in State ex rel. Lantz v. Board of Trustees of Franklin Tp., Franklin County,

147 Ohio St. 256, 70 N.E.2d 890, the court said:

"The board of trustees was without authority to alter or amend the description in the incorporation petition and thereby change the description of the territory as set forth in that petition at the time it was signed by the electors and at the time it was subsequently presented to the board of trustees."

The assent of those, required under Tit. 37, § 10, Code of Alabama, 1940, was obtained and given as to those matters embraced in the original written petition by their signing it. Such assent was to the petition as originally filed, not in its amended form. The proposed amendment would change the property description by reducing the area of the territory proposed to be incorporated, as well as by striking some of the petitioning parties. In this changed state, the petition lacks the assent in writing of those required by law to be signatories.

■ Further we are of the opinion that, when it was ascertained that the incorporation proceedings were void, because of the failure to comply with one of the necessary condition precedents, the probate judge was without jurisdiction to continue or go on with what had been begun toward incorporation, Reagan v. Rhodes, 264 Ala. 39, 84 So.2d 647, save to end the void proceedings. If the proceeding was void, when that fact was brought to light, it was the duty of the probate judge to so declare it as a matter of law and end the proceedings. Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725; Watts v. Town of Green Valley, supra. The orders were void, because the series of steps being taken toward accomplishing incorporation were void. These proceedings were void because the probate judge lacked jurisdiction in the matter, and the judge lacked jurisdiction because one of the necessary parties to the petition was not a qualified elector as required by the statute, Tit. 37, § 10, Code of Alabama, 1940, as amended. If the judge lacked initial jurisdiction of the proceedings, then he not only lacked jurisdiction to enter the orders in question, but he also lacked jurisdiction to proceed in any manner with the steps to be followed for incorporation. The cause could not therefore remain in progress. We are of the opinion and hold that when the probate judge entertained the proposed amendment he was proceeding with a void incorporation proceeding which he lacked jurisdiction to do. For the reasons stated, we are of the opinion that the original petition for incorporation could not be amended, and that the probate judge was without authority to entertain the amendment or proceed further with the petition for incorporation.

■ In view of the conclusions we have reached in this case and our holding in *Watts*, we see no reason to pass on the constitutionality of Act No. 780, Acts of Ala., Regular Session 1967, p. 1640, approved September 9, 1967, as being a local act, adopted in violation of § 106 of the Constitution of Alabama, 1901. This court declines to pass upon the constitutional validity of legislative enactments, unless the determination of the questions and rights before it requires such a decision. State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 59 So. 294. The application of this act would restrict the operation of Tit. 37, § 10, Code of Alabama, 1940, as amended, in counties of 600,000, or more, so as to exclude from the incorporation any territory lying within three miles of the corporate limits of any existing incorporated town or city. Neither do we deem it necessary to decide whether or not in this case Act 780 has retrospective, or prospective application only.

■ The appellant contends that Act No. 514, Acts of Ala., Regular Session 1967, p. 1238, approved September 7, 1967, the so called validation statute, should be applied in this case. The effect of this act is to validate an incorporation otherwise ineffectual, because of some irregularity such as the failure to comply with the require-

ment respecting signatures to the petition for incorporation in all cases prior to its effective date, where there has been an attempt to organize the inhabitants of a territory as a municipal corporation and the judge of probate has made an order that the inhabitants are incorporated as a town or city. The judge's order of incorporation in this case, which was made on April 15, 1968, and later held void by the Supreme Court in *Watts*, had not been made and entered as of the effective date of the validation act, Act 514, which was on September 7, 1967. Therefore a necessary prerequisite upon which we could apply Act 514, supra, was nonexistent, when the act became effective. Consequently, the act can have no application to the case at hand. The appellant argues that the order of incorporation, upon which the validating effect of 514 would have become operative was prevented by the withholding of the census report from September 1, 1967, to October 4, 1967, in violation of the probate judge's order of July 27, 1967, ordering the enumeration and its report, when completed. There was evidence that the census or enumeration was completed by September 1, 1967, and appellant contends that had it been promptly reported to him, the incorporation order would have been entered thereupon, and not later than September 5, 1967, in time for it to have enjoyed the curative and validating effect of Act 514. Suffice it to say that a variance exists between appellant's assessment and conclusion of the cause of the delay in filing the census or enumeration and the appellee's version. While the judge's order of July 27, 1967, directs the enumerators to report the result when the enumeration has been completed by them, no specific date was fixed in the order by the appellant, nor were any steps taken or efforts made between July 27, 1967, and September 7, 1967, to require its filing. If at any time it appeared that the report was being unduly delayed, then it seems that such would have prompted timely action on the part of those interested, especially, any of those who had knowledge of the report being completed, but not filed. We find no error in the trial court's refusal to enter an order of incorporation nor do we deem it appropriate to do so.

Where, on a direct appeal, the appellate court has held that the probate judge, in the exercise of his limited and special jurisdiction in the cause, was without jurisdiction of the subject matter necessary to proceed with the incorporation proceedings, because such were void, and the judge, being thus without jurisdiction, attempts to exceed his authority by pursuing the void incorporation proceeding, entertaining a purported amendment to the defective petition, and manifesting an intention to allow the amendment and to call another incorporation election, we think prohibition is the proper remedy. It has been held that where a judge or court undertakes to act in a manner in which he or it has no jurisdiction, prohibition is the proper remedy. Craddock v. Oliver, 23 Ala.App. 183, 123 So. 87, cert. den. 219 Ala. 607, 123 So. 88.

"'A prohibition is a remedy against an encroachment of jurisdiction, issued only from a superior court, is granted on the suggestion that the court to which it is directed has not the legal cognizance of the cause, and it is directed to the judge of the inferior court, as well as to the parties in the cause'; while an injunction 'neither assumes any superiority over the court * * * nor denies it jurisdiction, but is granted on the sole ground that from certain equitable circumstances, of which the court that issues it has cognizance, it is against conscience for the party to proceed in the cause.'—1 Spelling on Extraordinary Relief, p. 50, § 40; 2 Spelling on Extraordinary Relief, p. 1395, § 1716.

"'The writ of prohibition lies only when the inferior court proposes to exceed its lawful jurisdiction, as to the person or subject-matter, or in the enforcement of its rulings in a manner or

**380**

by a means not intrusted to its judgment or discretion.' 'Injunction never questions the jurisdiction of the court, nor is addressed to the court; it only lies against the parties. Prohibition, on the contrary, takes no notice of the parties, ignoring for the most part any interest they may have in the matter forming the subject-matter of the grievance, and goes directly against the court.'—2 Spelling on Extraordinary Relief, p. 1936, §§ 1716–1718." Kelton, Judge et al. v. Tavel, 174 Ala. 259, 56 So. 1021.

■ It is our opinion that a writ of prohibition directing the appellant to proceed no further in the pending cause is the proper remedy, rather than injunctive relief. This court has the power and authority to exercise a general superintendence over inferior jurisdictions, § 140, Constitution of Alabama of 1901; Tit. 13, § 17, Code of Alabama, 1940, and, consequently has the authority, as a court of original jurisdiction to issue such remedial and original writs as are necessary to enable it to accomplish that object. Therefore unless the appellant dismisses this cause in the probate court within fifteen days after receiving the mandate of this court, a writ of prohibition will be issued by this court, directed to the appellant, as Judge of Probate of Jefferson County, Alabama, to proceed no further in the cause entitled In the Matter of Incorporation of the Town of Green Valley, Alabama, Vincent Alfano, et al., Petitioners, In the Probate Court of Jefferson County, Alabama. Case No. 61179.

The final decree of the Circuit Court of Jefferson County, Alabama, In Equity, on appeal in this case, is reversed and rendered to the extent that the writ of injunction, issued by it, is dissolved. The final decree is otherwise affirmed.

Affirmed in part, reversed and rendered in part, and writ of prohibition to issue conditionally.

SIMPSON, COLEMAN, BLOODWORTH, and MADDOX, JJ., concur.