SHORES, Justice.
The community of Douglas is located in Marshall County. A group of citizens (hereinafter incorporators) filed a petition in the probate court on June 30, 1977, seeking to incorporate the Town of Douglas pursuant to Title 37, § 10, Code 1940, Recompiled 1958 (now § 11-41-1, Code 1975). The probate court entered an order holding the petition valid and set an election to be held on July 27, 1977, in which all voters residing within the proposed municipal boundaries would vote on the proposal. Several people (hereinafter contestants) filed a petition on July 18, 1977, alleging defects in the petition for incorporation.
The probate court held a hearing on July 22, 1977, and, after hearing testimony, set aside its original order setting a date for the election. On August 19,1977, the incor-porators filed a motion for rehearing. The court granted the motion and set the matter down for hearing on September 16, 1977. The contestants filed a motion to set aside the rehearing order. The court denied this motion and held the hearing on September 16, 1977. At this second hearing, the incorporators presented evidence to show that an error existed in the tax assessor’s records and that the petition did, in fact, contain the signatures of those residents of the community owning 60% of the land lying with the proposed municipal boundaries. Contestants argued several other defects existed in the petition and that these additional defects rendered the petition invalid. At the conclusion of this second full hearing, the judge upheld the petition and set a new election to be held on October 11, 1977. Contestants filed a motion for new trial, which the court denied and the election was held. Incorporation passed by a margin of 82 to 19. The contestants appealed. They contend:
*376 That the petition for incorporation was defective because it did not contain the signatures of at least four qualified electors residing on each quarter of a quarter-section within the proposed boundary as required by Title 37, § 10, Code. They argue that a Mrs. Armesia Johnson, one of those who signed the petition, did not reside within the quarter of the quarter-section which she represented.
Testimony offered at both hearings was to the effect that Mrs. Johnson’s home was situated on the line dividing the two quarters. Contestants contend that, for this reason, she was not qualified to sign the petition as a representative of her quarter of the quarter-section. They offer no evidence that her home is not situated on the line dividing the two quarter-sections.
In Woodall v. City of Gadsden, 278 Ala. 634, 179 So.2d 759 (1965), this court held that, where an elector’s residence was partly within and partly without an area proposed to be annexed to a city, the elector was entitled to vote in the annexation election under Title 17, § 18, Code 1940, Recompiled 1958 (now § 17-3-7, Code 1975), which gives one the right to elect which area he prefers to be in. The court held:
“. . . This statute was enacted to abrogate the artificial and technical rules existing under case law under these circumstances. We think it is clear that she made her election by voting in this election. We are not persuaded that this legislature intended to provide a remedy only when the home of the person was situated on a county or precinct line, but rather we think it was intended to apply in any case where a political line is so drawn that the residence is situated partly on one side and partly on another.” (Emphasis Added) (278 Ala. at 637, 179 So.2d at 761)
Mrs. Johnson made her choice when she signed the petition. Under Woodall, she was qualified as a representative of her quarter section.
The contestants argue- next that the probate court exceeded its authority in ordering an election to be held more than 30 days from the date the original petition to incorporate was filed. Title 37, § 11 (now § 11-41-2, Code 1975), provides that “. . . the judge of probate must direct an election to be held within thirty days after the filing of the petition.” In the instant case, the election was originally ordered for July 26, 1977, within thirty days of the filing of the first petition; but, because the judge agreed with the contestants that the petition was defective, that order was set aside. Obviously, where the validity of the petition is questioned, the probate court must first determine its sufficiency because it has no authority to order an election in the absence of a valid petition. Meeks v. Town of Hoover, 286 Ala. 373, 240 So.2d 125 (1970). After the court held a hearing and determined that the petition was valid, it then ordered an election to be held within 30 days thereafter. The court determined, after hearing, that the petition was valid on September 16,1977. The election was ordered to be held on October 11, 1977. This complies with the statute.
Although they concede that they had actual notice of the rehearing set on the order setting aside the date fixed for the election (and, in fact, appeared and offered testimony in opposition to the motion), the contestants argue that under Dulin v. Johnson, 216 Ala. 393, 113 So. 397 (1927), and Title 7, § 280, Code 1940, Recompiled 1958, they were entitled to notice that a motion for rehearing would be sought at least ten days prior to the application for rehearing.
We are not persuaded by this argument. Although the motion of the incorporators was delineated “a motion for rehearing,’’ it was tantamount to a refiling of the petition for incorporation. The petition had been found defective and the judge had set aside the order ordering an election thereon. The rehearing motion was to show by the evidence that the defects were cured and the petition was in fact valid. It was, therefore, properly treated as a refiling of a petition to incorporate.
The only notice required under Title 37, § 11, Code, supra, is notice of the date of *377 the election set after a valid petition to incorporate has been filed. The contestants were given ample opportunity to argue their case at the second hearing and did so.
The contestants finally argue that the proposed boundaries of the town were drawn by the incorporators, not only to obtain the signatures required by Title 37, § 10 — but also to exclude persons opposed to incorporation. They argue that the boundaries were drawn in a capricious and arbitrary manner. The record does not support this argument. They contend that this court’s decision in City of Birmingham v. Community Fire District, Ala., 336 So.2d 502 (1976), forbids the exclusion of persons opposed to incorporation.
The City of Birmingham ease dealt with an annexation statute. This case is controlled by the statutes dealing with the creation of municipalities. The two involve totally different statutes and different considerations. Compare Title 37, § 10, et seq., Code 1940, Recompiled 1958 (now § 11-41-1, et seq., Code 1975), with Title 37, § 134, et seq., Code 1940, Recompiled 1958 (now § 11-42-1, et seq., Code 1975).
In any event, City of Birmingham involved a special factual setting and was decided by a divided court. It should be limited to that factual context and similar factual settings. City of Birmingham is not this case. The statute requires the incorpo-rators to obtain signatures of residents representing the area to be incorporated. This requirement cannot be met unless there is an interest in incorporation in those areas. The incorporators made efforts to develop interest for incorporation in the community. It is reasonable to include within the proposed municipal boundaries only those areas in which the residents favored incorporation and to exclude those areas where the residents were not in favor of incorporation. Areas opposed to being included within the proposed municipality were excluded.
The gist of the contestants’ argument is that the excluded areas should have been included in the area proposed for incorporation, so that persons residing in those areas could have voted to oppose the incorporation and might thereby have been successful. But this hypothesis furnishes no legal basis for invalidating an otherwise legally conducted election which resulted in incorporation of a municipality.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.