HOLMES, Judge.
This is a case involving the taxing of certain court posts.
The plaintiff, on July 27, 1983, received a jury verdict in her favor. On that same date a judgment was entered in favor of plaintiff for the amount of $7,619.50 and costs.
On the 29th day of July 1983, the plaintiff filed with the clerk of the circuit court a claim for costs in the amount of $352.55. These claimed costs were for certain depositions and “xeroxing.” A copy of the claimed costs was served on the defendant. On the same day, July 29, the circuit clerk issued a cost bill in the amount of $141.00.
Approximately two weeks thereafter, apparently on August 11, 1983, the plaintiff petitioned the circuit court for a writ of mandamus to the circuit clerk to require the clerk to include the claimed costs, $352.55, in the cost bill. Thereafter, the circuit court denied the plaintiff’s petition for mandamus. The plaintiff appeals that action and we affirm.
The plaintiff, through able counsel, who has favored this court with an excellent brief, contends the trial court erred in refusing to require the circuit clerk to include the referenced costs.
As indicated, we do not agree with the plaintiff’s contention for the following reasons.
It is clear to this court that the objection of the plaintiff is the clerk’s action in failing to include in the cost bill certain costs. Rule 54(d), Alabama Rules of Civil Procedure, provides, in this instance, the proper procedure to follow in objecting to the circuit clerk’s taxing of costs.
Rule 54(d), A.R.Civ.P., in pertinent part provides as follows: “Costs may be taxed by the clerk without notice. On motion served within five days of the receipt of notice of such taxation, the action of the clerk may be reviewed by the court.”
This rule without question provides that once the circuit clerk taxes costs a party desiring to review or question those costs should within five days upon the receipt of the notice of taxation of costs file a motion in the circuit court. The motion will then be considered by the circuit court and action taken thereon.
In this instance, the plaintiff failed to object to the clerk’s action within five days. In fact, no motion was ever filed with the circuit court. The plaintiff chose *368 to pursue the instant action, i.e., mandamus, some thirteen days after notice of taxation costs. This action, the filing of the mandamus, in this instance, is not the proper procedure and hence the court committed no error in denying the writ of mandamus. See Fleet Investment Co. v. Rogers, 87 F.R.D. 537 (W.D.Okl.1978), aff'd, 620 F.2d 792 (10th Cir.1980).
In addition to the above, the following as stated by our supreme court in Ex parte Strickland, 401 So.2d 33 (Ala.1981), would appear to be appropriate in the instant appeal, even though it deals with the direct authority of a court.
“Mandamus and prohibition are extraordinary remedies and will not issue unless there is no other adequate remedy. Ex parte Locke, 346 So.2d 419 (Ala.1977). Mandamus is proper where there is a clear specific legal right shown for enforcement of which there is no other adequate remedy. Echols v. Housing Authority of Auburn, 377 So.2d 952 (Ala.1979). Prohibition is proper for the prevention of a usurpation or abuse of power where a judge or court undertakes to act in a manner in which he or it has no jurisdiction. Meeks v. Town of Hoover, 286 Ala. 373, 240 So.2d 125 (1970). The taxing of costs, however, is within the sound discretion of the trial court, Bukley v. Carroll, 366 So.2d 1094 (Ala. 1978), and will not be controlled by mandamus except in extraordinary cases for gross abuse of that discretion. Ex parte Driver, 258 Ala. 233, 62 So.2d 241 (1952).”
Id. at 35.
We would comment that we should not be understood as stating that the costs in question could not have been properly taxed as costs; we only find that under the instant facts the trial court did not err in refusing to issue the writ of mandamus.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J„ concur.