ADAMS, Justice.
These consolidated appeals are from an order of the Probate Court of Jefferson County, certifying the results of an October 8, 1985, election called by the City of Hoover regarding an attempted annexation of certain land and from a circuit court order denying a writ of prohibition and quo warranto relief. The plaintiffs, A.M. Fetters and Malcolm Cook (hereinafter both shall be referred to simply as “Fetters”), argue that the probate court was without jurisdiction to call the election and certify its results. Fetters argues that, because the probate court lacked jurisdiction, the circuit court erred in not granting a writ of *56 prohibition prior to the election and in not granting the complaint and information in the nature of quo warranto after the election. We disagree. We affirm the judgments of the probate court and the circuit court.
The facts in this case are as follows:
On August 23, 1985, the City of Hoover filed a petition requesting that the Probate Court of Jefferson County call an annexation election pursuant to § 11-42-1 et seq., Code of Alabama (1975). Attached to the petition were the map of the proposed area, a copy of the resolution of the Hoover City Council certified by the city clerk, and a legal description of property proposed to be annexed. Hoover also filed a copy of its amended resolution, which was certified by the city clerk. On August 26,1985, Hoover filed petitions with the probate court purporting to comply with the annexation statute.
On September 4, 1985, the City of Home-wood filed a motion to strike the resolution. As the basis for its motion, Homewood claimed that a portion of the property that was the subject of the petition was within Homewood. On September 5, 1985, Hoover filed a second amended resolution and a new map, which was certified by the city clerk. The City Council of Hoover authorized its attorney to file a certified copy of the resolution with the Judge of Probate.
On September 16, 1985, Fetters filed with the probate court a motion to deny the order of election. As a basis for his motion, Fetters alleged the following:
1. That the Mayor of the City of Hoover had not certified the resolution filed by Hoover with the Judge of Probate;
2. That Hoover had failed to comply with the requirement that 60 percent of the property owners, or two qualified electors of each quarter-quarter section, by petition, assent to the inclusion of their property in the territory proposed to be annexed;
3. That none of the persons who had signed the petitions filed with the court assented to the territory set out in the new map; and
4.That the legal description did not meet the requirements of metes and bounds.
The motion was amended to allege that the map of the territory contained property that had already been legally annexed by the City of Vestavia.
The probate court found the following:
1. That a certified copy of the resolutions had been filed;
2. That the property was described by an accurate description of metes and bounds;
3. That the map did not embrace any territory within the corporate limits of any other municipality;
4. That the statutory requirement of two qualified electors or 60 percent of the owners of the acreage had been met.
On October 1, 1985, Homewood filed a motion to strike the resolution requesting an order calling the election. Homewood asserted in its motion essentially the same grounds that Fetters had raised. On October 2,1985, Fetters filed in the circuit court a petition for a writ of prohibition against the probate judge and the City of Hoover. In his petition, Fetters alleged a lack of jurisdiction and asserted the aforementioned grounds.
On October 4, 1985, the Circuit Court of Jefferson County entered a preliminary injunction restraining and enjoining the probate court from certifying the results of the annexation election. The election was held on October 8, 1985. After the election, Fetters amended his petition to add a complaint in the nature of quo warranto and asserted essentially the same grounds.
On November 25, 1985, the injunction was dissolved and the petition for writ of prohibition was dismissed. On the same day, Hoover amended its map to delete the parcels that had previously been annexed into other municipalities. On November 26, 1985, Fetters filed another complaint and information in the nature of quo war-ranto, and asserted essentially the same grounds.
On December 2, 1985, after the preliminary injunction was dissolved, the probate *57 court entered an order certifying the election results. On January 15, 1986, Hoover filed with the probate court a resolution, certified by the city clerk amending the maps and records previously filed with the office of the Judge of Probate to delete territory previously annexed into the cities of Homewood, Vestavia, and Birmingham.
On appeal, Fetters raises several issues concerning alleged noncompliance by Hoover with statutory annexation procedures. Because of this noncompliance, Fetters argues that the probate court lacked jurisdiction to call the election. He further argues that the geographical description failed to meet the statutory mandates of a metes and bounds description and that the statute prohibited annexation of separate nonconti-guous areas. Because of these alleged faults with Hoover’s annexation, Fetters argues, the circuit court should have granted his writ of prohibition. He further argues that because the injunction was dismissed, the circuit court should have granted his complaint and information in the nature of quo warranto.
I.
Fetters first argues that the probate court lacked jurisdiction to order an annexation election. As a basis of his argument, he claims that Hoover failed to comply with § 11-42-2, Code of Alabama (1975), in'that the mayor of Hoover failed to certify the resolutions of the city council, and that Hoover failed to comply with § 11-42-2(10), Code of Alabama (1975), by failing to file petitions assenting to the amended maps filed by Hoover.
Section 11-42-2, provides, in part:
Whenever the council shall pass a resolution to the effect that the public health or public good requires that certain territory (described in the resolution) shall be brought within the limits of the city or town:
(1) It shall be the duty of the mayor to certify a copy of such resolution to the judge of probate of the county in which the land proposed to be annexed is situated, and said certified resolution shall have attached thereto a plat or map of said territory, which certified resolution and plat or map shall be filed by the judge of probate.
On August 23, 1985, Hoover filed a petition with the probate court calling for an annexation election. This petition, which was signed by the mayor of Hoover, made specific reference to the resolutions. Although the resolutions were signed and certified by the city clerk rather than the mayor, because of the reference contained within the petition, Hoover substantially complied with the statute.
Fetters argues that Hoover was required to file with the probate court new petitions that assented to the amended maps, which were filed after the original petition. The original petition contained reference to the map of the geographical boundaries of the territory that Hoover wished to annex. However, the original map contained property that had previously been annexed by other municipalities. The amended maps deleted this property, thus correcting the error. Fetters cites Meeks v. Town of Hoover, 286 Ala. 373, 240 So.2d 125 (1970), for the proposition that qualified electors and property owners must give their assent to an amended map and legal description in order to confer jurisdiction on the probate court. In Meeks, Meeks, the probate judge, processed papers that attempted to incorporate a municipality referred to as Green Valley, and the City of Hoover filed suit to stop the incorporation proceedings. This Court initially held in Watts v. Town of Green Valley, 282 Ala. 555, 213 So.2d 398 (1968), that the probate court lacked jurisdiction in that incorporation attempt because one of the conditions precedent to establishing jurisdiction was missing, that is, one of the parties signing the petition was not a qualified elector as required by the statute. After the decision in Watts, Meeks amended the petition to delete the area of property in which the unqualified elector resided. In Meeks, supra, we held that absent assent by the qualified electors and property owners, the incorporation proceedings were void. However, Meeks is distinguishable from the present case.
*58 Meeks, supra, was an incorporation case, not an annexation case. Further, in Watts, supra, this Court held that the probate court lacked jurisdiction for the incorporation proceedings. As pointed out in Meeks, supra, therefore, any subsequent action on that petition for incorporation was void. As the basis for not allowing the amendment to cure the jurisdictional defect, this Court looked to Bridges v. City of Biloxi, 250 Miss. 717, 168 So.2d 40 (1964), where the Mississippi Supreme Court held that in an incorporation of a municipality, “once the petition is filed, amendments thereafter cannot be made so as to include the names of additional petitioners.” Meeks, 286 Ala. at 377, 240 So.2d at 127. This Court reasoned that if a petition could not be amended to include additional petitioners, then such a petition could not be amended to delete them. While this is part of the Court’s rationale, it is not the sole basis for the Court’s decision. The reason the amendments would not be allowed is because the incorporation proceedings had already been determined to be void. Therefore, the amendments related back to nothing.
Further we are of the opinion that, when it was ascertained that the incorporation proceedings .were void, because of the failure to comply with one of the necessary [conditions precedent], the probate judge was without jurisdiction to continue to go on with what had been done toward incorporation proceedings .... The cause could not therefore remain in progress. We are of the opinion and hold that when the probate judge entertained the proposed amendment he was proceeding with a void incorporation proceeding which he lacked jurisdiction to do.
Meeks, 286 Ala. at 378, 240 So.2d at 126.
In the present case, no appeal or determination that the probate court lacked jurisdiction occurred prior to the filing of the amended maps. We find no error with the filing of the amended maps and further hold that they relate back to the original petition. After the filing of the petition, Hoover was alerted that its map contained areas within other municipalities. At the time the maps were filed, no other errors appeared on the petition. It rationally follows that the correct thing to do would have been to remove the error. Because Hoover substantially. complied with the statute, we find that the probate court did, in fact, have jurisdiction over the annexation proceedings.
II.
Fetters next argues that Hoover should not have been allowed to annex the “holes” or “islands,” as they were not contiguous to each other. Section 11-42-2(10), Code of Alabama (1975), provides:
The plat or map filed with the certified copy of the resolution as required in subdivision (1) of this section, shall show accurately the territory proposed to be embraced within the corporate limits, including all subdivisions into lots, blocks, streets and alleys within such territory, if any, and an accurate description by metes and bounds of the boundary of such territory, which territory must be contiguous to the boundary of and form a homogeneous part of the city or town and may extend to or around the boundary line of any other city or town, but is not to embrace any territory within the corporate limits of another municipality. No platted or unplatted territory shall be included within such boundary unless there are at least two qualified electors residing, according to a government survey, on each quarter of each quarter section or part thereof of such platted or unplatted land who assent thereto in writing by signing said petition, together with the consent of the persons, firms or corporations owning at least 60 percent of the acreage of such platted or unplatted land, such consent to be signified by their signing said petition. Proof of residence and qualification as electors of petitioners and of persons affected shall be made to the judge of probate by affidavit or otherwise, as he may direct. When determining the ownership of the land within such boundary, the persons, firms or corporations assessing the same for taxation shall be accept *59 ed by the probate judge as prima facie the owners thereof. [Emphasis added.]
Words used in a statute are to be given their plain, ordinary, and commonly understood meanings. Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219 (Ala.1984); Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378 (Ala.1979). Section 11-42-2(10), Code of Alabama (1975), provides that the territory must be contiguous to the boundary of the city or town, and that it must form a homogeneous part of the city or town. Fetters does not cite any Alabama cases for support, and we reject his view that the statute mandates that the territories to be annexed be contiguous to each other. In City of Birmingham v. Smith, 507 So.2d 1312 (Ala.1987), we held that in an “annexation election, the city does not divide the territory into districts.... To hold in plaintiffs’ favor on this issue would require a city to annex in incremental steps, annexing only small homogeneous communities or areas at each step.” 507 So.2d at 1321.
III.
Fetters also argues that § 11-42-2(10) mandates that the territory sought to be annexed be described by metes and bounds. “Substantial accuracy (not perfection) is all that is required in an annexation description.” City of Birmingham v. Mead Corp., 372 So.2d 825, 827 (Ala.1979). City of Birmingham v. Smith, supra. A description need not be perfect; it must “sufficiently describe the property to be annexed so that it is capable of being located on the ground.” Mead, 372 So.2d at 827. In this case, 12 of the 25 parcels proposed to be annexed by Hoover were described by using metes and bounds descriptions. The remaining 13 parcels were described only as parcels. Fetters argues that the description must be made with strict compliance with the statute. That is not the case. The description does, and Fetters does not argue that it does not, sufficiently describe the property to be annexed. Therefore, the statutory requirements were met.
Fetters’s last two arguments are that the circuit court should have granted both his writ of prohibition and his complaint and information in the nature of quo warranto. However, because Hoover substantially complied with the annexation statute, and we find no error, prohibition and quo war-ranto would not lie, and no error resulted on behalf of the circuit court.
For the reasons set forth, the judgment of the probate court and the judgment of the circuit court are due to be affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES and HOUSTON, JJ., concur.
TORBERT, C.J., and STEAGALL, J., dissent.