TORBERT, Chief Justice
(dissenting).
I simply can not agree with the majority’s rationale for distinguishing this case from Meeks v. Town of Hoover, 286 Ala. 373, 240 So.2d 125 (1970).[1]
While it is true that Meeks is an incorporation case and this is an annexation case, I find that to be a distinction without a difference. The pertinent part of the incorporation statute at issue in Meeks, Code 1940, Tit. 37, § 10, now Code 1975, § 11-41-1 provides:
“No platted or unplatted territory shall be included within such boundary unless there are at least four qualified electors, according to government survey, residing on each quarter of each quarter section or part thereof of such platted or unplatted land, who assent thereto in writing by signing said petition, together with the consent of the persons, firms or corporations owning at least 60 percent of the acreage of such platted or unplat-ted lands, such consent to be signified by their signing said petition.”
*60 The pertinent part of the annexation statute at issue here, Code 1975, § 11-42-1(10), provides:
“No platted or unplatted territory shall be included within such boundary unless there are at least two qualified electors residing, according to a government survey, on each quarter of each quarter section or part thereof of such platted or unplatted land who assent thereto in writing by signing said petition, together with the consent of the persons, firms or corporations owning at least 60 percent of the acreage of such platted or unplat-ted land, such consent to be signified by their signing said petition.”
The provisions are identical except for the different number of qualified voters required on each quarter-quarter section. '
It is clear that under Watts compliance with § 11-41-1 was necessary to confer jurisdiction. In Town of Oxford v. State ex rel. Pettus, 257 Ala. 349, 58 So.2d 604 (1952), the Court implicitly held that compliance with the predecessor of § 11-42-2 — i.e., Code 1940, Tit. 37, § 135(9) — was necessary to confer jurisdiction, when determining that the assent given was sufficient even though it was not manifested on a “petition.”[2] In State ex rel. Suiher v. City of Midfield, 273 Ala. 437, 142 So.2d 694 (1962), the Court interpreted Town of Oxford to require the filing of the resolution “together with the written consent of the named individuals.”
The procedures set up for incorporation under § 11-41-1 through § 11-41-4 and annexation under § 11-42-2 are virtually the same, and, in particular, the role of the probate court is identical. Upon the filing of the proper papers, the probate court calls and supervises an election and then enters an order setting forth the results.
Therefore, I see no basis for concluding that the mere fact that Meeks is an incorporation case and this is an annexation case makes any difference with respect to whether the jurisdiction of the probate court was properly invoked.
The main thing the majority relies upon to distinguish the cases is that in Meeks a judicial determination had been made that the original petition had failed to invoke the jurisdiction of the probate court, that the proceedings were therefore void, and that the amendments related back to nothing. In this case, the majority apparently holds that the lack of a judicial determination that the original proceedings were void means that the amendments do have something to relate back to.[3]
Such an analysis overlooks the difference between something being void and being voidable. Something “voidable” is “That which may be avoided, or declared void; not absolutely void, or void in itself. That which operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained and declared.” Black’s Law Dictionary 1411 (5th ed. 1979). If the proceedings are void, they are a nullity from the inception and no judicial action is necessary. Cf. Loyd v. Director, Dept. of Public Safety, 480 So.2d 577 (Ala.Civ.App.1985).
Most importantly, however, the main holding in Meeks was that the petition was void because the assent of the qualified electors that is required under what is now § 11-41-1 was consent to the original petition and not to the amended petition with the changed property description. Meeks, 286 Ala. at 378, 240 So.2d at 128. Therefore, the question of whether the original petition was defective for including property already within the corporate limits of other municipalities need not be decided, nor need we determine whether, if it was defective, it could be amended. Assuming, arguendo, that it was defective and could be amended, the question is whether it is *61 defective as amended. I suggest that if Meeks was correctly decided then it was defective as amended.
STEAGALL, J., concurs.

. Meeks was a successor case to Watts v. Town of Green Valley, 282 Ala. 555, 213 So.2d 398 (1968). In Watts, this Court actually held that the incorporation proceedings were void for failure to comply with Code 1975, § 11-41-1. Meeks held that the amended petition in Watts did not cure the jurisdictional defect.

. It should be noted that two members of the Court in Town of Oxford concurred specially, noting that the provision in question requires the electors to sign "said petition" and that there is otherwise no petition provided for by the statute. They concluded that the provisions requiring such assent were therefore inoperative.

. The majority’s approach does not directly address the question of whether the initial proceedings are in fact void, because, according to the majority, under these facts the proceedings are subject to amendment in any event.