BEATTY, Justice.
This is an appeal from the grant of a writ of mandamus by the Honorable James Avary, Judge of the Chambers Circuit Court, to the Honorable Emerson W. Thompson, Judge of Probate of Chambers County, directing Judge Thompson to call and conduct an election to determine whether West Shawmut should be annexed into the city of Lanett. We affirm the judgment of the Chambers Circuit Court, and, because that court has written an extensive order that we deem to be correct, we adopt the following portion of it as the opinion of this Court:
“This case was initiated as a petition for writ of mandamus to the Probate Judge of this County, to require him to call and conduct an election to determine whether certain property should be annexed into the City of Lanett.
“Certain property owners and electors of the West Shawmut community bordering the City of Lanett (the Proponents), pursuant to Alabama Code sections 11-42-1 and 11-42-2, petitioned the City of Lanett to have certain West Shawmut property (West Shawmut) annexed into the City of Lanett, subject to a vote of the qualified electors of West Shawmut. The City of Lanett then passed a resolution approving said annexation; and the resolution, plat of the land proposed to be annexed, and the petitions signed by property owners and electors of West Shawmut were duly filed with the Probate Judge of Chambers County. After examining the plat and petitions, and after a hearing on the matter, the Probate Judge entered an order declining to call an election.
“One of the Proponents, an elector and property owner of West Shawmut (Petitioner), filed a petition for writ of mandamus against Emerson W. Thompson, as Probate Judge of Chambers County (Respondent), to require Respondent to call the annexation election. This Court entered an order requiring Respondent to show cause why the Writ should not issue as requested by Petitioner. Respondent filed no answer or other response, but appeared pro se on May 28, 1987, the appointed time for the hearing. A group of West Shawmut residents (the Opponents) opposed the annexation effort when the matter was presented to the Probate Court, but were not parties to the mandamus action, and when it became apparent to this Court that Respondent was not represented at the hearing, and that the Opponents were not present or represented, this Court recessed the hearing to allow the Opponents time to obtain counsel and prepare to defend on Respondent’s behalf, which is customary when the respondent in a mandamus action is a judge. The Opponents did not, however, intervene or *8 make an appearance on behalf of Respondent, and this matter again came on for hearing, again with Respondent appearing pro se and without filing an answer or other response or pleading.
“In open court this Court received testimony ore tenus and documentary evidence from Respondent and other witnesses, and from Respondent’s testimony, the following facts were established without dispute. Respondent declined to call the annexation election because he found the annexation efforts deficient in two respects:
“(1) Respondent found the plat of West Shawmut deficient in that the parcels of land in West Shawmut, the owners of which had consented to annexation, were not contiguous to one another; and
“(2) Respondent struck or disqualified the signatures of West Shawmut property owners on petitions which were not dated, or were not properly dated, thereby reducing the percentage of property, the owners of which had consented to annexation, to less than the sixty percent of the total property to be annexed required by law.
“Respondent concedes that the foregoing are the only reasons he declined to call the election, and that he found no other material deficiencies in the documents submitted to him by the Proponents.
“This Court finds, as a matter of law, that Respondent was in error in declining to call the annexation election, for the following reasons.
“With respect to any requirement that the parcels of land whose owners have consented to annexation must be contiguous, there is no such requirement when the proposed annexation is by election, as opposed to annexation by landowner consent without an election. The requirements for calling an annexation election are (a) that the owners of sixty (60) percent of the land to be annexed must consent, (b) that at least two electors in each quarter of a quarter section (40 acres) must consent, (c) that the tract to be annexed must be contiguous to the city limits of and form a homogenous part of the annexing municipality, and (d) that the annexing- city must approve the annexation by resolution of its city council. It is undisputed that at least two electors in each quarter of a quarter section consented to the annexation. Whether the owners of sixty percent of the land to be annexed consented is disputed and will be discussed below. Finally, it is without dispute that the Lanett City Council passed the required resolution, and that West Shawmut (the area to be annexed) borders on the City of Lanett for several thousand feet, which constitutes ample ‘contiguousness,’ and that it will be a homogenous part of the City. Accordingly, Respondent was in error in requiring that each parcel of ‘consenting property’ be contiguous to other consenting property.
“The second reason given for declining to call the annexation election involves the disqualification of certain names on the petitions for annexation because the petitions were not dated, or were improperly dated. After removing those names and excluding the property owned by those persons whose names were removed, Respondent found that the owners of less than sixty percent of the land in West Shawmut had validly consented to annexation. Forty-nine names were determined to be invalid because of improper dating of the petitions, and it is without dispute that without the inclusion of those names and the property owned by those persons, substantially less than sixty percent of the land in West Shawmut would be owned by the remaining signatories to the petitions. It is further without dispute that if those forty-nine names had not been struck, the amount of consenting property would exceed sixty percent. The applicable Alabama law does not set or establish a time limit for the signing of petitions. Indeed, annexation efforts might continue for months, or even years, before the requisite number of signatures is obtained. While time and events, in a proper case, might cause or result in such a change of circumstances or conditions as *9 will render old signatures ‘stale’ and therefore invalid, no such showing has been made in this case. Indeed, Respondent did not consider or find such a change of circumstances or conditions. It is suggested that certain persons caused to be filed with Respondent a ‘counter petition’ by which they endeavored to remove their names from the original petitions, and that later a ‘counter-counter petition’ was filed with Respondent by which certain persons sought to disclaim their signatures on the counter petition, but Respondent admits that he did not consider the counter petition or the counter-counter petition in determining which names should be disqualified and struck from undated and misdated petitions. Accordingly, it was improper for Respondent to strike or disqualify any petitions or the names thereon because of the dates, or lack of dates, on the petitions submitted by Proponents.
“For the foregoing reasons, Writ of Mandamus is due to be issued to Respondent, requiring him to call and conduct the annexation election in West Shawmut as provided by law.”
See also Town of Oxford v. State ex rel. Pettus, 257 Ala. 349, 58 So.2d 604 (1952), and Code of 1975, § 11-42-2.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.